599 P.2d 278 (1979)
Olin E. GODDARD and Shirley J. Goddard, Plaintiffs-Appellants,
v.
PUBLIC SERVICE COMPANY OF COLORADO, a Colorado Corporation, Defendant-Appellee.
No. 79CA0198.
Colorado Court of Appeals, Div. I.
July 26, 1979.
*279 Ted L. Hansen, Denver, for plaintiffs-appellants.
Kelly, Stansfield & O'Donnell, Donald D. Cawelti, Denver, for defendant-appellee.
STERNBERG, Judge.
The plaintiffs, Olin E. and Shirley J. Goddard, purchased an apartment house in March 1975. Two years later, an employee of defendant, Public Service Company of Colorado, was replacing a broken glass on the gas meter at the subject property. He discovered that an incorrect index dial had previously been installed by Public Service so that only one-half of the gas passing through the meter had been registering. Public Service billed the Goddards for $4,987.77 for the gas consumed, but not registered, over the previous two years.
The Goddards filed this action for injunctive relief, contending that the utility was barred from asserting its claim by the doctrine of equitable estoppel, because they had relied on the previous gas bills in making their determination to purchase the apartment building, had set their rentals accordingly, and could no longer collect the difference in higher heating costs from their tenants. Public Service counterclaimed for the amount of the bill. The trial court found for Public Service and we affirm.
We interpret the Public Utilities law as forbidding estoppel of a public utility from collecting the established rate. Gas rates are set by the Public Utilities Commission, § 40-3-102, C.R.S.1973, and § 40-3-105(2), C.R.S.1973, provides that:
"[N]o public utility shall . . . receive a greater or lesser or different compensation for any product . . . than the rates . . . applicable to such product . . . as specified in its schedules on file . . . nor shall any such public utility refund . . . directly or indirectly, in any manner or by any device, any portion of the rates . . so specified . . .."
The Goddards had received the gas at half price contrary to the terms of this statute.
While not directly controlling because it dealt with misquotation of freight rates rather than incorrect measurement of service, we, nevertheless, find persuasive Denver & Rio Grande Western R. R. v. Marty, 143 Colo. 496, 353 P.2d 1095 (1960). There, a railroad agent quoted Marty an incorrect and lower freight rate than actually charged, and Marty, consequently, had sold his barley at a price lower than he would have had he known of the correct rate. Therefore, in the railroad's action to recover the freight charges. Marty counterclaimed for damages in the amount of the difference between the actual freight rate and the lesser amount quoted by the agent. In holding against Marty, the Supreme Court relied on the above statute and stated:
"[T]he general rule which appears to be followed uniformly without significant deviation is that statutory policy against discriminatory rates and rebates precludes a shipper from asserting a claim, counterclaim or defense upon the basis *280 that there was negligence or mistake in the quotation of the rates."
The court then explained:
"[A]s we read the statute, it prohibits rebates regardless of the legal theory upon which they are based. To hold that the statute affects contract claims only and is not applicable to demands growing out of the rate misquotation which arise on a tort theory would effectually nullify this statute and the policy set forth therein. Thus the strong policy of the statute would become meaningless if it could be circumvented by merely developing a different legal theory."
The rule adopted here finds support in other jurisdictions. See, e. g., Haverhill Gas Co. v. Findlen, 357 Mass. 417, 258 N.E.2d 294 (1970); Wisconsin Power & Light Co. v. Berlin Tanning & Manufacturing Co., 275 Wis. 554, 83 N.W.2d 147 (1957). See also Northern States Power Co. v. Lyon Food Products, Inc., 304 Minn. 196, 229 N.W.2d 521 (1975).
Judgment affirmed.
COYTE and VAN CISE, JJ., concur.