MURPHY v OAKLAND COUNTY DEPARTMENT OF HEALTH

Docket No. 78-4813. Submitted June 12, 1979, at Detroit.—Decided February 6, 1980.

Plaintiff, Clayton Murphy, was the owner of certain property in White Lake Township. He petitioned defendant Oakland County Department of Health for permits to construct a septic tank system on the property. The permits were denied, and plaintiff appealed to the Oakland Sanitary Appeal Board, which affirmed. Plaintiff filed a complaint for superintending control in the Oakland Circuit Court against defendants, Oakland County Department of Health and White Lake Township. The court, William John Beer, J., refused to consider the "Summary of Discussion" of the appeal board. It looked only to the board's resolution recording the vote of the members, held the decision to be arbitrary and ordered the issuance of the permits. Defendant Oakland County Department of Health appeals. *Held:*

A court, in reviewing an administrative decision, must decide whether the decision is supported by competent, material and substantial evidence on the *whole record.* The court erred in refusing to consider the "Summary of Discussion" of the appeal board.

Reversed and remanded for further proceedings.

Administrative Law — Judicial Review — Standard of Review.

A trial court, in reviewing an order of a sanitation appeal board denying the issuance of building permits, committed error in refusing to consider a "Summary of Discussion" of the board and in considering only the board's resolution, which contained only the recorded vote of the members; a court, in reviewing an administrative decision, must decide whether the decision is supported by competent, material and substantial evidence on the *whole record.*

*Paul G. Valentino, J.D., P.C.,* for plaintiff.

Reference for Points in Headnote
2 Am Jur 2d, Administrative Law §§ 678 *et seq., 697, 698.*

*Donald F. Slavin,* Assistant Oakland County Civil Counsel, for defendant Oakland County Department of Health.

Before: J. H. GILLIS, P.J., and BEASLEY and R. M. RANSOM,* JJ.

R. M. RANSOM, J. Defendant Oakland County Department of Health (hereinafter referred to as Oakland) appeals as of right from the trial court's order directing it to issue permits allowing the construction of an on-site sewage disposal system on plaintiff's property in White Lake Township.

FACTS

Plaintiff applied for permits to construct a septic tank system on certain lakefront property owned by him. Oakland refused to issue the permits on the basis that the property consisted of unsuitable soils and the ground water table was too high. Plaintiff appealed to the Oakland Sanitary Appeal Board, which upheld Oakland's denial of the permits. According to the Board's "Summary of Discussion", plaintiff's plan would only provide a height of three feet above the water table, while a minimum of four feet above the water table was required.

Thereafter, plaintiff filed a complaint for superintending control with the Oakland County Circuit Court. At a hearing on the trial court's order to show cause, the trial judge found that a July 19, 1978, appeals resolution of the Oakland Sanitary Appeal Board failed to give the reasons for the action taken. The judge refused to consider the Board's "Summary of Discussion" stating it would be meaningless. The trial court ordered Oakland

* Circuit judge, sitting on the Court of Appeals by assignment.

to issue the necessary permits, because the action taken by the Sanitary Appeal Board was unreasonable and arbitrary, thus not conforming to the requirements of law.

## DISCUSSION

On appeal, Oakland argues the trial court erred in failing to review the whole record in the administrative hearing below. We agree.

The proper standard of judicial review to be employed when reviewing an administrative board decision is whether that decision is supported by competent, material and substantial evidence on the *whole record*. Const 1963, art 6, § 28, see also *Viculin v Dep't of Civil Service,* 386 Mich 375; 192 NW2d 449 (1971), *Arnold v Crestwood Board of Education,* 87 Mich App 625; 277 NW2d 158 (1978), MCL 24.304; MSA 3.560(204), and MCL 24.306(1)(d); MSA 3.560(206)(1)(d).

We are not aware of whether a transcript of the sanitary Appeal Board's hearing is or could be made available. The trial court record does reflect that appellant sought to have considered the Board's "Summary of Discussion", which the court rejected. The only evidence considered by the trial court was the Board's resolution, which contained only the recorded vote of the Board members. The issues raised by appellant could not have been considered on that evidence alone. The whole record consisted, minimally, of the Sanitary Appeals Board's resolution and "Summary of Discussion". The trial court failed to consider the *whole record.*

The reviewing court should not substitute its opinion for that of the administrative agency where there is the requisite evidence to support the administrative decision, notwithstanding that

the court might have reached a different result had it been sitting as the agency. *Viculin v Dep't of Civil Service, supra, Union Bank & Trust Co v First Michigan Bank & Trust Co,* 44 Mich App 83; 205 NW2d 54 (1972).

The reason for upholding Oakland's denial of a septic tank permit as cited by the Sanitary Appeal Board in its "Summary of Discussion" was that plaintiff's plan would only provide a height of three feet above the water table where a minimum of four feet was required.

From *Viculin v Dep't of Civil Service, supra,* we note:

"Courts are indulgent toward administrative action to the extent of affirming an order where the agency's path can be 'discerned' even if the opinion 'leaves much to be desired.'" 386 Mich 375, 406.

"* * * an agency or commission must articulate with clarity and precision its findings and the reasons for its decisions. The importance of this requirement is inherent in the doctrine of judicial review which places only limited discretion in the reviewing court." 386 Mich 375, 405.

CONCLUSION

We reverse the trial court's November 8, 1978, order directing Oakland to issue permits to plaintiff for construction of an on-site sewage disposal system.

Because the record of proceedings below is presented in extremely brief summary fashion, lacking in clarity, we order this matter remanded to the Oakland Sanitary Appeal Board to provide detailed findings of fact and conclusions of law, together with supporting evidence. *Lorland Civic Ass'n v DiMatteo,* 10 Mich App 129, 143; 157 NW2d 1 (1968).