MEADOWS v MARQUETTE PRISON WARDEN

Docket No. 55639. Submitted October 6, 1981, at Grand Rapids.—
    Decided July 13, 1982.

Plaintiff, Charles W. Meadows, III, a prisoner at Marquette
prison, was charged with the assault and battery of another
prisoner. A misconduct hearing was held and plaintiff was
found guilty. Plaintiff's custody status was, therefore, reclassi-
fied and he was segregated from the general prison population.
Plaintiff filed a petition for a rehearing which was denied by
the Department of Corrections. Prior to the department's final
determination plaintiff filed in Marquette Circuit Court a peti-
tion seeking judicial review under the Administrative Proce-
dures Act. Defendant, the warden of the Marquette prison, did
not answer but filed a certified copy of the record. Plaintiff then
caused a default to be entered for failure of the defendant to
answer. Defendant moved to set aside the default and by letter
waived oral argument on the motion and advised the court it
would stand on the record as filed. The Marquette Circuit
Court, John E. McDonald, J., found plaintiff's petition to be
without merit. Plaintiff moved for reconsideration of the court's
decision, which motion was denied. Plaintiff appeals alleging
that the decision of the Department of Corrections was not
based upon competent, material, and substantial evidence and
that the trial court erred in rendering an opinion on plaintiff's
petition after a default had been entered against the defendant.
*Held:*

1. The Court of Appeals must affirm the decision of the
Department of Corrections if such decision is supported by
competent, material, and substantial evidence.

2. The hearing referee's findings are supported by the record.

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur 2d, Administrative Law § 614.
[2] 2 Am Jur 2d, Administrative Law §§ 621, 688.
[3] 2 Am Jur 2d, Administrative Law §§ 680, 682.
[4] 2 Am Jur 2d, Administrative Law §§ 642, 643, 762.
[5] 60 Am Jur 2d, Penal and Correctional Institutions § 45.
[6-8] 2 Am Jur 2d, Administrative Law §§ 642, 643.

Competent, material, and substantial evidence exists to support the findings.

3. The agency's decision can be changed only if one of the defects enumerated in § 106 of the Administrative Procedures Act exists. None of the defects are found to exist here, thus, the Court of Appeals must defer to the expertise of the Department of Corrections and leave its decision intact.

4. Plaintiff's misconduct merits the reclassification measure.

5. Nothing in the record indicates an abuse of discretion, therefore, the agency decision will not be disturbed.

6. The Administrative Procedures Act governs procedure in a judicial review of a decision by the Department of Corrections. The act authorizes a court to determine the merits of a petition solely on the record without argument or briefing. Therefore, the department was not required to respond to plaintiff's petition with a formal answer but needed only to file a certified copy of the record. The entry of the default was, therefore, erroneous and was thus properly ignored by the court.

Affirmed.

1. ADMINISTRATIVE LAW — APPEAL — STANDARD OF REVIEW.

The proper standard of judicial review to be employed when reviewing an administrative decision is whether that decision is supported by competent, material, and substantial evidence on the whole record; the reviewing court should not substitute its opinion for that of the administrative agency where there is the requisite evidence to support the decision, notwithstanding that the court might have reached a different result if it had been sitting as the agency.

2. ADMINISTRATIVE LAW — SUBSTANTIAL EVIDENCE TEST.

The substantial evidence test used in reviewing an agency's decision requires more than a scintilla of evidence; however, what is required may be substantially less than a preponderance of the evidence.

3. ADMINISTRATIVE LAW — APPEAL — STANDARD OF REVIEW.

The statute which provides for a preponderance of the evidence standard to be used by a hearing referee in reaching his decision applies only to hearings; judicial review of such matters is governed by the standard of review provided by the Administrative Procedures Act (MCL 791.252[k], 791.255; MSA 28.2320[52][k], 28.2320[55]).

4. ADMINISTRATIVE LAW — APPEAL.

The Administrative Procedures Act provides that the decision of

an administrative agency can be changed by a court only if the agency's decision contains one of the defects enumerated in the statute regarding setting aside agency decisions (MCL 24.306; MSA 3.560[206]).

5. PRISONS AND PRISONERS — DEPARTMENT OF CORRECTIONS — APPEAL.

Personnel of the Department of Corrections who have experience in handling the affairs of prisoners are in a far better position to ascertain whether an act constitutes a threat to the institutional order of a prison than are the courts, and the judiciary should not interfere with the personnel's exercise of discretion unless that discretion has been clearly abused.

6. ADMINISTRATIVE LAW — APPEAL.

The Administrative Procedures Act provides that the court rules govern procedure in a judicial review of an agency decision where those rules are applicable (MCL 24.302; MSA 3.560[202]).

7. ADMINISTRATIVE LAW — APPEAL — DEPARTMENT OF CORRECTIONS.

The General Court Rules do not provide a procedure for appeals from decisions of the Department of Corrections, therefore, the procedural sections of the Administrative Procedures Act control appeals from that department (MCL 24.303-24.305; MSA 3.560[203]-3.560[205]).

8. ADMINISTRATIVE LAW — ADMINISTRATIVE PROCEDURES ACT — APPEAL.

The Administrative Procedures Act provides that a court is authorized to determine the merits of a petition to review an agency's decision solely on the record without argument or briefs (MCL 24.304; MSA 3.560[204]).

Charles W. Meadows, III, *in propria persona.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Mark I. Leach,* Assistant Attorney General, for defendant.

Before: R. M. MAHER, P.J., and D. E. HOLBROOK, JR., and R. E. ROBINSON,* JJ.

PER CURIAM. Plaintiff, a prisoner at Marquette

* Circuit judge, sitting on the Court of Appeals by assignment.

prison, was charged with the assault and battery of another inmate in violation of prison rules. A misconduct hearing was held and resulted in plaintiff's being found guilty and his custody status being reclassified, segregating him from the general prison population. A petition for rehearing was filed, which was denied by the Department of Corrections.

Prior to the final agency determination plaintiff filed a petition seeking judicial review under the Administrative Procedures Act, MCL 24.301 *et seq.;* MSA 3.560(201) *et seq.* Defendant did not answer but filed a certified copy of the record pursuant to MCL 24.304(2); MSA 3.560(204)(2). Plaintiff caused a default to be entered for failure of defendant to answer. Defendant moved to set aside the default and by letter waived oral argument on the motion and advised the court that the defendant would stand on the record as filed. Thereafter, the court issued an opinion wherein it found plaintiff's petition to be without merit. Plaintiff moved for reconsideration of the court's decision, which motion was denied. Plaintiff appeals as of right.

Plaintiff's arguments on appeal essentially boil down to two claims. First, that the decision of the Department of Corrections was not based upon competent, material, and substantial evidence. Second, that the trial court erred in rendering an opinion on plaintiff's petition after a default had been entered against appellee.

In *Murphy v Oakland County Dep't of Health,* 95 Mich App 337, 339-340; 290 NW2d 139 (1980), this Court stated the standard of review of administrative decisions as follows:

"The proper standard of judicial review to be em-

ployed when reviewing an administrative board decision is whether that decision is supported by competent, material and substantial evidence on the *whole record.* Const 1963, art 6, § 28, see also *Viculin v Dep't of Civil Service,* 386 Mich 375; 192 NW2d 449 (1971), *Arnold v Crestwood Board of Education,* 87 Mich App 625; 277 NW2d 158 (1978), MCL 24.304; MSA 3.560(204), and MCL 24.306(1)(d); MSA 3.560(206)(1)(d).

\* \* \*

"The reviewing court should not substitute its opinion for that of the administrative agency where there is the requisite evidence to support the administrative decision, notwithstanding that the court might have reached a different result had it been sitting as the agency. *Viculin v Dep't of Civil Service, supra, Union Bank & Trust Co v First Michigan Bank & Trust Co,* 44 Mich App 83; 205 NW2d 54 (1972)." (Emphasis in original.)

The department's decision must, therefore, be upheld if it is supported by substantial, competent, and material evidence. Additionally, we must avoid substituting our judgment for the agency's. See *Comstock Public Schools v Wildfong,* 92 Mich App 279, 284-285; 284 NW2d 527 (1979), *Tompkins v Dep't of Social Services,* 97 Mich App 218, 222-223; 293 NW2d 771 (1980), and *Timmons v Dep't of Social Services,* 89 Mich App 330, 340; 280 NW2d 515 (1979).

While the "substantial evidence" test has been held to require more than a scintilla of evidence it may be substantially less than a preponderance of the evidence. See *Tompkins, supra,* 222. Appellant, however, urges application of a more rigid "preponderance" test. In support he cites *Wolff v McDonnell,* 418 US 539; 94 S Ct 2963; 41 L Ed 2d 935 (1974), and *Baxter v Palmigiano,* 425 US 308; 96 S Ct 1551; 47 L Ed 2d 810 (1976). Both *Wolff* and *Baxter* dealt with the rights of prison inmates.

Neither decision, however, established an evidentiary standard. While there is a statute which requires a preponderance standard at the hearing level, MCL 791.252(k); MSA 28.2320(52)(k), this does not affect our standard of review since, by its express terms, it applies only to hearings. Judicial review of such matters is governed instead by the Administrative Procedures Act, MCL 791.255; MSA 28.2320(55). See *Penn v Dep't of Corrections,* 100 Mich App 532; 298 NW2d 756 (1980). Therefore, we must affirm if the departmental decision is supported by competent, material, and substantial evidence.

Applying the foregoing to the facts, it is our opinion that the hearing referee's findings are supported by the record. It was the testimony of the guard that plaintiff struck the fellow inmate without apparent provocation. This much plaintiff admits. Thus, an assault and battery is established beyond doubt.

The issue then becomes whether this intentional conduct by plaintiff was justified. This becomes a question of fact which cannot be answered without the benefit of hearing the testimony and observing the demeanor of the witnesses. The questions of fact were, however, resolved by the hearing referee who had this opportunity. Our review of the record leads us to conclude that competent, material, and substantial evidence exists. The agency's findings, therefore, should not be disturbed.

Plaintiff also argues that the decision based on the findings is defective. Reclassification, he contends, is inappropriate because he has not been involved in any other incident of violence in the five years he has resided at the prison. Section 106 of the Administrative Procedures Act provides contrary to appellant's theory. In subsection (1),

the statute authorizes the reviewing court to "hold unlawful and set aside a decision or order of an agency" for several reasons, including a lack of substantial evidence, MCL 24.306(1); MSA 3.560(206)(1). Subsection (2) authorizes the court to "affirm, reverse or modify the decision or order". MCL 24.306(2); MSA 3.506(206)(2). Thus, the agency's decision can be changed only if one of the enumerated defects in subsection (1) exists.

In the instant case, we find none of the defects listed in subsection (1) and find the decision to be supported by substantial evidence. Plaintiff's misconduct, in the view of the experts who made and reviewed the decision, and in our view, merits the reclassification measure. Having found no defect, subsection (2) is inoperative and this Court must defer to the expertise of the Department of Corrections and leave its decision intact.

Additional claimed error involves what the appellant terms "the hands-off" attitude of the court below with respect to reviewing the agency's decision. This, however, ignores the expertise of the department. Personnel who have experience in handling the affairs of prisoners are in a "far better position to ascertain whether an act constitutes a threat to the institutional order of a prison than are the courts, and the judiciary should not interfere * * * unless that discretion has been clearly abused". *Butler v Warden, Marquette prison,* 100 Mich App 179, 189; 298 NW2d 701 (1980). Nothing in the record indicates an abuse of discretion and, therefore, the agency decision will not be disturbed.

Finally, appellant asserts that the circuit court erred by rendering its decision on his petition prior to resolving the default matter. We disagree. The Administrative Procedures Act provides that

the court rules govern procedure in a judicial review of an agency decision where those rules are applicable. MCL 24.302; MSA 3.560(202). While GCR 1963, 706 covers appeals from certain agencies, the Department of Corrections is not included. Moreover, an examination of the balance of Chapter 70 of the General Court Rules discloses no procedures for appeals from the agency herein involved. Hence, the court rules do not control and we are governed by §§ 103-105 of the Administrative Procedures Act. In § 104 thereof the court is authorized to determine the merits of a petition solely on the record without argument or briefing. Hence, we conclude that the Department of Corrections was not required to respond to plaintiff's petition with a formal answer but needed only to file a certified copy of the record. This is what was done. The entry of the default was, therefore, *ab initio* erroneous, and properly ignored by the court.

Affirmed.