AAAA INVESTMENT ASSOCIATES, INC v DEPARTMENT OF
LICENSING AND REGULATION

Docket No. 63049. Submitted November 15, 1982, at Detroit.—Decided
February 10, 1983.

The Department of Licensing and Regulation issued a complaint
against AAAA Investment Associates, Inc., a licensed broker,
alleging trust account accounting irregularities, access to the
trust account by an unauthorized person and insufficient funds
in the account. A hearing was had and the referee made
findings of fact and conclusions of law. The department sus-
pended AAAA's license for 60 days. AAAA appealed to the
Wayne Circuit Court, which affirmed, Thomas J. Foley, J.
AAAA appealed. *Held:*

1. AAAA contends that no evidence at all was presented
concerning its trust account because the department had the
wrong account number. The record fully supports the hearing
referee's conclusions that the incorrect escrow account number
on the complaint was the result of a typographical error made
by AAAA's bank and that AAAA was never misled or preju-
diced by this error.

2. There is ample competent, material and substantial evi-
dence to support the department's conclusions.

Affirmed.

ADMINISTRATIVE LAW — APPEAL.

The standard of review to be employed in reviewing the circuit
court's judgment and an administrative agency's determination
is whether the decision is supported by competent, material
and substantial evidence on the whole record.

*Temple & Cutler* (by *Donald M. Cutler*), for
plaintiff.

*Frank J. Kelley*, Attorney General, *Louis J.*

REFERENCES FOR POINTS IN HEADNOTE
2 Am Jur 2d, Administrative Law § 680 *et seq.*
5 Am Jur 2d, Appeal and Error § 880 *et seq.*

*Caruso,* Solicitor General, and *David W. Silver,* Assistant Attorney General, for defendant.

Before: WAHLS, P.J., and M. J. KELLY and N. J. LAMBROS,* JJ.

PER CURIAM. Plaintiff appeals by right from a circuit court judgment affirming an order by the Michigan Department of Licensing and Regulation suspending plaintiff's real estate broker's license for 60 days because plaintiff failed to comply with the requirements of MCL 451.213; MSA 19.803 and 1979 AC, R 338.2738(1).

On August 19, 1980, defendant issued a complaint against plaintiff which alleged the following:

"2. That on or about November 21, 1979, licensee failed to have a journal of receipts and disbursements from the trust account with a running balance after each entry.

"3. That on or about November 21, 1979, licensee had as signatory on the trust account Gerald A. Waechter who was not an associate broker licensed to the licensee.

"4. That on or about November 21, 1979, licensee had open transactions reflecting escrow deposits in the amount of $58,993.36 while having a balance in trust account #0051-4571-0, Michigan National Bank, in the amount of $53,406.66, indicating $5,586.70 of escrow moneys not retained until consummation or termination of the transaction."

Following a hearing, the hearing referee found: (1) the evidence that plaintiff failed to keep a running balance in its disbursement journal was uncontradicted; (2) the correct account number of plaintiff's escrow account was 0051-4571-9, and the number used by defendant, 0051-4571-0, was the

* Circuit judge, sitting on the Court of Appeals by assignment.

result of a typographical error by plaintiff's bank; however, plaintiff had been fully informed throughout the proceedings and was never misled by this error; (3) Gerald Waechter was a signatory on plaintiff's escrow account; and (4) plaintiff failed to retain approximately $5,586.70 in the escrow account until consummation or termination of transactions.

On appeal, plaintiff challenges several of the factual findings made by the referee and affirmed by the Department of Licensing and Regulation. The standard of review to be employed in reviewing the circuit court's judgment and the agency's determination is "whether [the] decision is supported by competent, material and substantial evidence on the whole record". *Murphy v Oakland County Health Dep't,* 95 Mich App 337, 339; 290 NW2d 139 (1980) (emphasis deleted).

Plaintiff first contends that no evidence at all was presented by defendant on plaintiff's escrow account because defendant had the wrong account number.

The record fully supports the referee's conclusions that the incorrect escrow account number on defendant's complaint was the result of a typographical error made by plaintiff's bank and that plaintiff was never misled or prejudiced by this error. Plaintiff was aware, from the start of the audit and through the administrative hearing, that defendant was challenging plaintiff's escrow account procedure, and the audit was based on information supplied by plaintiff.

Plaintiff next argues that no deficit actually existed in its escrow account because the auditor deducted the amount of checks from the balance as soon as the checks were written, rather than when the recipients of the checks cashed them and

the checks then cleared the banks. We disagree. MCL 451.213, subds (i), (j); MSA 19.803, subds (i), (j) clearly state that any money deposited in the escrow account must be retained in that account until the transaction involving that sum is either terminated or consummated. The account is not to be used as an ordinary checking account, with funds available to the real estate broker for daily use. Instead, the account is a trust fund, and whatever sum is placed into the account must be retained there "in the full amount" until the transaction is complete. Thus, at no point, under any accounting system, should a properly maintained account show a deficit; any deposit would be shown opposite an equal withdrawal from the account, and the balance would never slip below $0.

Finally, the record amply supports the conclusion that plaintiff permitted someone other than a licensed real estate broker or associate broker to sign checks drawn on the escrow account. Although no checks were actually introduced in evidence, defendant's auditor testified that she saw the signature of such an unauthorized person on two checks labeled "escrow account". Given the testimony, it was apparent the auditor must have seen cancelled checks. Even had this not been so, the explicit language of 1979 AC, R 338.2738(1) requires only that the checks be signed, rather than that they be fully negotiated.

Affirmed.