KEENAN v VAN OCHTEN

*Docket No. 74177. Submitted May 8, 1984, at Lansing.—Decided July 16, 1984.*

Timothy Keenan, an inmate at the State Prison of Southern Michigan, was found guilty by a Department of Corrections hearings officer of disobeying a direct order of a guard. Keenan wrote a letter to Marjorie Van Ochten, Hearings Administrator for the Department of Corrections, requesting that the decision of the hearings officer be reversed. Van Ochten upheld the decision of the hearings officer. Keenan then filed a petition for review in Ingham Circuit Court. The court, James T. Kallman, J., dismissed the petition as untimely. Keenan appeals. *Held:*

Keenan's letter to Van Ochten requesting that the decision of the hearings officer be reversed amounted to a request for a rehearing. Van Ochten's reply was essentially an order or decision of the Department of Corrections stating that a rehearing would not be conducted. Keenan's petition for review was filed within 60 days of the date of Van Ochten's reply. Thus the petition was timely filed.

Reversed.

1. ADMINISTRATIVE LAW — APPEAL.

The Administrative Procedures Act provides that the court rules govern procedure in a judicial review of an agency decision where those rules are applicable (MCL 24.302; MSA 3.560[202]).

2. ADMINISTRATIVE LAW — APPEAL — DEPARTMENT OF CORRECTIONS.

The General Court Rules do not provide a procedure for appeals from decisions of the Department of Corrections; therefore, the procedural sections of the Administrative Procedures Act control appeals from that department (MCL 24.303-24.305; MSA 3.560[203]-3.560[205]).

3. ADMINISTRATIVE LAW — APPEAL — DEPARTMENT OF CORRECTIONS — PETITION FOR REVIEW — TIMELINESS.

A petition for review of a decision of a Department of Corrections

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 2 Am Jur 2d, Administrative Law §§ 201, 202.
[3] 2 Am Jur 2d, Administrative Law §§ 544, 717-720.

hearings officer was timely filed where it was filed within 60 days of the date of a letter by the Hearings Administrator of the department stating that no rehearing of the hearings officer's decision would be conducted.

Timothy P. Keenan, *in propria persona.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Thomas C. Nelson,* Assistant Attorney General, for respondent.

Before: V. J. BRENNAN, P.J., and R. B. BURNS and C. R. COLEMAN,* JJ.

R. B. BURNS, J. Plaintiff, Timothy Keenan, *in propria persona,* appeals the opinion and order of the Ingham County Circuit Court judge dated September 20, 1983, dismissing Keenan's suit against the defendant, Marjorie Van Ochten. Van Ochten is Hearings Administrator for the Michigan Department of Corrections, which defended this action on her behalf. The issue in this appeal is whether the filing of Keenan's petition for judicial review was timely.

Keenan is an inmate at the State Prison of Southern Michigan. On March 20, 1983, a guard ordered Keenan out of the dining room. Keenan, who contends that he was in the middle of his breakfast, refused the order. On March 30, 1983, hearings officer John R. Voigt found Keenan guilty of disobeying a direct order. Voigt typed his report on March 31, 1983. He indicated that Keenan was told that he would receive a copy of the report within a couple of days. On March 31, 1983, Keenan penned a letter to defendant Van Ochten and requested that she review Voigt's findings.

---

* Former circuit judge, sitting on the Court of Appeals by assignment.

Van Ochten's reply, dated May 4, 1983, indicated that she agreed with Voigt's conclusions.

Keenan filed a petition for judicial review on June 28, 1983, based on MCL 24.303; MSA 3.560(203) and MCL 791.255; MSA 28.2320(55). The petition states that Voigt rendered a decision on either March 30 or 31, 1983, and that Keenan sent a letter to Van Ochten on March 31, which requested that Voigt's decision be reversed.

The trial judge's opinion was based upon the record. See *Meadows v Marquette Prison Warden,* 117 Mich App 794; 324 NW2d 507 (1982). The judge ruled that the petition was not filed within the 60-day period provided by MCL 24.304; MSA 3.560(204) and dismissed the case for lack of jurisdiction.

Generally, the scope of judicial review under the Administrative Procedures Act (APA) is defined by MCL 24.306; MSA 3.560(206); *Tocco v Marquette Prison Warden,* 123 Mich App 395; 333 NW2d 295 (1983). In *Meadows, supra,* this Court stated:

"The Administrative Procedures Act provides that the court rules govern procedure in a judicial review of an agency decision where those rules are applicable. MCL 24.302; MSA 3.560(202). While GCR 1963, 706 covers appeals from certain agencies, the Department of Corrections is not included. Moreover, an examination of the balance of Chapter 70 of the General Court Rules discloses no procedures for appeals from the agency herein involved. Hence, the court rules do not control and we are governed by §§ 103-105 of the Administrative Procedures Act." 117 Mich App 801.

Section 104 of the APA, MCL 24.304; MSA 3.560(204), which is the focus of this appeal, reads:

"A petition shall be filed in the court within 60 days after the date of mailing notice of the final decision or

order of the agency, *or if a rehearing before the agency is timely requested, within 60 days after delivery or mailing notice of the decision or order thereon.* The filing of the petition does not stay enforcement of the agency action but the agency may grant, or the court may order, a stay upon appropriate terms." (Emphasis added.)

The record, as reflected by Keenan's petition, indicates that Keenan immediately requested an appeal by writing a letter to Hearings Administrator Van Ochten. Hearings officer Voigt is under the direct supervision of Van Ochten pursuant to MCL 791.251; MSA 28.2320(51). Furthermore, rehearings must be filed with the department within 30 days after the final decision. MCL 791.254; MSA 28.2320(54). Although a rehearing was never conducted, the request for a rehearing was timely filed. Van Ochten's letter was essentially an order or decision of the department stating that a rehearing would not be conducted.

Reversed.