SIGAL v CITY OF DETROIT

Docket No. 72768. Submitted October 4, 1984, at Detroit.—Decided
January 2, 1985. Leave to appeal applied for.

Paul Sigal purchased a one-half interest in the 677 Selden Corpo-
ration, the major asset of which was an apartment building
located at 677 Selden Avenue in Detroit. Sigal claims that,
before agreeing to a purchase price, he inspected the corporate
records, including water bills. The bills indicated that the
account was current, and that the usual quarterly bills were
between $500 and $700. Shortly after the purchase, Sigal
received a water bill in the amount of $3,441.98. He then
discovered that the meter had not been read for three years.
The quarterly bills had been calculated using estimated con-
sumptions. Sigal further claims that not all of the bills indi-
cated that the consumptions were estimates rather than actual
readings. Sigal and his successor in interest, Selden Develop-
ment Company, demanded a hearing pursuant to the rules and
regulations of the Board of Water Commissioners. At the
hearing, they argued that the Detroit Water and Sewerage
Department was equitably estopped from collecting the bill.
The hearing officer concluded that there was no dispute about
how much water had been consumed and that plaintiffs would
have to pay for it. Plaintiffs appealed and the Wayne Circuit
Court, Joseph B. Sullivan, J., affirmed. Plaintiffs appealed.
*Held:*

A property owner is precluded from using equitable estoppel
to avoid liability for payment for water furnished to and
consumed on his property while it was owned by a predecessor
in title.

Affirmed.

PUBLIC UTILITIES — MUNICIPAL CORPORATIONS.

A property owner is precluded from using equitable estoppel to
avoid liability for payment for water furnished to and con-

REFERENCES FOR POINTS IN HEADNOTE

64 Am Jur 2d, Public Utilities §§ 60, 61.

Liability of premises, or their owner or occupant, for electricity,
gas, or water charges, irrespective of who is the user. 19 ALR3d
1227.

sumed on his property while it was owned by a predecessor in title (MCL 123.114; MSA 5.2514).

*Paul Sigal & Associates* (by *Paul Sigal*), for plaintiffs.

*Donald Pailen,* Corporation Counsel, and *Abigail Elias* and *Robert C. Walter,* Assistants Corporation Counsel, for defendant.

Before: SHEPHERD, P.J., and WAHLS and J. W. FITZGERALD,* JJ.

SHEPHERD, P.J. Plaintiffs appeal as of right from a circuit court order affirming the decision of a hearing officer of the Detroit Water and Sewerage Department that the city is not estopped from collecting a water bill by reason of the city's failure to read the water meter when the property in question was owned by plaintiffs' predecessor in title. We affirm.

Plaintiff Sigal purchased a one-half interest in the 677 Selden Corporation, the major asset of which was an apartment building located at 677 Selden Avenue in Detroit. Sigal claims that, before agreeing to a purchase price, he inspected the corporate records, including water bills. The bills indicated that the account was current, and that the usual quarterly bills were between $500 and $700. Shortly after the purchase, Sigal received a water bill in the amount of $3,441.98. He then discovered that the meter had not been read for three years. The quarterly bills had been calculated using estimated consumptions. Sigal further claims that not all of the bills indicated that the consumptions were estimates rather than actual readings.

---

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

Plaintiffs[1] demanded a hearing pursuant to the rules and regulations of the Board of Water Commissioners. At the hearing, they argued that the Detroit Water and Sewerage Department was equitably estopped from collecting the bill. The hearing officer concluded that there was no dispute about how much water had been consumed and that plaintiffs would have to pay for it. The bill, however, was to be adjusted by prorating the consumption over the time during which estimated bills were issued, using the rates which applied at those times. The circuit court affirmed the hearing officer's decision.

The standard of judicial review of an administrative board's decision is whether the decision is supported by competent, material and substantial evidence on the whole record. Const 1963, art 6, § 28; *Murphy v Oakland County Health Dep't,* 95 Mich App 337; 290 NW2d 139 (1980). In the instant case, plaintiffs did not dispute that the water for which they were billed was consumed. Plaintiffs argue that the hearing officer erred by refusing to consider their equitable estoppel argument.

The circuit judge held that consideration of equitable arguments is precluded by the statute which governs municipal managment of water works, MCL 123.114; MSA 5.2514:

*"It shall be lawful for the common council of any city,* or the corporate authorities of any village, which shall avail itself of the provisions of this act, by the passage of proper ordinances, to provide for the appointment of a commission, or board, the term of at least 1 member of which commission or board shall expire yearly, *to* take the charge and management of such water works in the manner and to the extent

---

[1] Subsequent to the purchase by Sigal, he transferred ownership of the apartment building to plaintiff Selden Development Company, in which Sigal is a general partner.

which shall be provided in the ordinances of the city or village; and the common council of any city, or the corporate authorities of any village, may by resolution or ordinance, *fix the rates for supplying water to the inhabitants thereof,* regulate the manner of making connections, and the use of the water, *which rules and regulations shall apply equally to all the inhabitants of such city or village."* (Emphasis added.)

The circuit judge concluded that the setting of rates was one of the "rules and regulations" which must be applied equally, *id.,* and that to allow plaintiffs to avoid paying for the water consumed would constitute an unfair rate preference in violation of the statutory mandate.

Arguments based on equitable estoppel to avoid payment for public utility services received have been consistently rejected. A public utility sought to recover for gas service furnished to the defendant in *Wisconsin Power & Light Co v Berlin Tanning & Manufacturing Co,* 275 Wis 554; 83 NW2d 147 (1957). The utility company had erroneously billed the defendant for one-tenth of the actual amount used. The Wisconsin Supreme Court rejected the defendant's equitable estoppel argument:

"Sec. 196.22, Stats. makes it unlawful for any public utility to receive a greater or *less* compensation for its service than is specified in its rates schedules. If defendant's pleas are recognized either as setoffs or defenses, defendant will have paid less for gas than the proper rate. This means that it will have paid less than other like users were required to pay for like service.

"'* * * The public policy thus declared supercedes the ordinary doctrine of estoppel, so far as that would interfere with the accomplishment of the dominant purpose of the act. It does not permit that inequality of rates to arise indirectly through the application of estoppel, which it was the aim of the act to suppress directly.'" 275 Wis 559-560.

In *Goddard v Public Service Co of Colorado,* 43 Colo App 77; 599 P2d 278 (1979), a defective gas meter resulted in the plaintiff's apartment building being billed for one-half of its actual consumption. The plaintiff argued that the utility company was estopped from collecting, claiming that it had relied on the erroneous gas bills in making the determination to purchase the apartment building and in setting the rents. The Colorado Court of Appeals rejected plaintiff's claim, and referred to the following statute:

"[N]o public utility shall * * * receive a greater or lesser or different compensation for any product * * * than the rates * * * applicable to such product * * * as specified in its schedules on file * * * nor shall any such public utility refund * * * directly or indirectly, in any manner or by any device, any portion of the rates * * * so specified * * *." 43 Colo App 78.

The court held that the statute forbade estoppel of a public utility from collecting the established rate. See also, *Chesapeake & Potomac Telephone Co of Virginia v Bles,* 218 Va 1010; 243 SE2d 473 (1978); *Corporation DeGestion Ste-Foy, Inc v Florida Power & Light Co,* 385 So 2d 124 (Fla App, 1980); *Laclede Gas Co v Solon Gershman, Inc,* 539 SW2d 574 (Mo App, 1976); *Haverhill Gas Co v Findlen,* 357 Mass 417; 258 NE2d 294 (1970); *West Penn Power Co v Nationwide Mutual Ins Co,* 209 Pa Super 509; 228 A2d 218 (1967).

Plaintiffs claim that the statute in the instant case is distinguishable in that it requires that only rules and regulations, not rates, must be applied equally. They rely on *Preston v Bd of Water Comm'rs of Detroit,* 117 Mich 589; 76 NW 92 (1898), for the propositions that municipal water corporations have wide latitude, that they may charge different classes of customers different

rates, that they may give water at no charge, that they may charge partial rates and that they may make adjustments of rates under the statute. However, *Preston* did not authorize rate preferences for private individuals. The Court noted that:

"[T]he free use of water given is only to institutions in which the city and all its citizens are interested, and, where a partial rate is charged, the recipient is a charitable institution or an educational institution in the maintenance of which the public is more or less interested." 117 Mich 597.

Moreover, *Preston* did not concern interpretation of the statute on which the trial judge in the instant case relied.

Plaintiffs are correct insofar as it is permissible to charge different rates to different classifications of customers, so long as the classifications have reasonable bases. *Land v City of Grandville,* 2 Mich App 681; 141 NW2d 370 (1966); *Alexander v Detroit,* 45 Mich App 7; 205 NW2d 819 (1973), *rev'd* 392 Mich 30; 219 NW2d 41 (1974). Plaintiffs claim that they fall within a classification which includes those people harmed by the department's negligence. Rather than challenging a rate classification, plaintiffs urge us to create a new classification. We cannot usurp a task expressly conferred by the Legislature on the common council. MCL 123.114.

The circuit judge correctly interpreted MCL 123.114; MSA 5.2514 as precluding use of an equitable estoppel argument to avoid liability for payment for water consumed. The city must charge consumers within each rate classification according to an equal rate. Plaintiffs' view, if accepted, might lead to increased fraud and corruption, and "would result in discrimination that for the protec-

tion of the public generally is forbidden by law". *Robert McDaniel Trucking Co, Inc v Oak Construction Co,* 359 Mich 494, 501; 102 NW2d 575 (1960). To put it plainly, no one may avoid payment of a water bill merely because the city did not read the meter.

There was no claim made in the trial court against the seller of plaintiffs' interest in the corporation. Under appropriate circumstances, plaintiffs might have a claim against the seller for fraud or have a meritorious claim for rescission of the contract based on a mutual mistake. *Lenawee County Bd of Health v Messerly,* 417 Mich 17; 331 NW2d 203 (1982); *Hi-Way Motor Co v International Harvester Co,* 398 Mich 330, 336; 247 NW2d 813 (1976). Plaintiffs are entitled to no relief in the present proceeding.

Affirmed.

No costs, a public question being involved.