**BOONE COUNTY SAND AND GRAVEL COMPANY, INC.,**
Appellant,

v.

**OWEN COUNTY RURAL ELECTRIC COOPERATIVE CORPORATION,**
Appellee.

**No. 88–CA–980–MR.**

Court of Appeals of Kentucky.

July 28, 1989.

Discretionary Review Denied
by Supreme Court
Nov. 22, 1989.

Nick Benson, Walton, for appellant.

Anne P. McBee, Burlington, for appellee.

Before GUDGEL, LESTER and McDONALD, JJ.

GUDGEL, Judge:

This is an appeal from a judgment entered by the Boone Circuit Court. Appellant contends that the court erred by adjudging that its counterclaim for damages failed to state a cause of action. We disagree. Hence, we affirm.

Appellee Owen County Rural Electric Cooperative Corporation filed a complaint against appellant Boone County Sand and Gravel Company, Inc., to recover $36,266.21 for electric service provided from May 10, 1985, through June 10, 1986, for which appellant had been underbilled by appellee. Appellant pleaded the defense of estoppel and counterclaimed for damages incurred as a result of the underbilling.

The court entered a summary judgment in the amount of $36,266.21 for appellee, adjudging that the defense of equitable estoppel was not available to bar the utility company from collecting for electricity appellant had consumed. *Memphis Light, Gas & Water Division v. Auburndale School System*, 705 S.W.2d 652 (Tenn. 1986). Thereafter, the court also granted appellee's motion for summary judgment on appellant's counterclaim on the ground that it failed to state a claim for relief. This appeal followed.

The issues before us are whether the defense of equitable estoppel is available as a defense to a public utility's claim to recover for all electricity consumed and whether the utility may be held liable for damages as a result of negligently underbilling a customer.

Appellant alleged that the underbilling was caused by appellee's use of an incorrect multiplier in computing appellant's bills. On two occasions during the thirteen-month period of underbilling, appellant inquired as to whether its bills were correct. Relying on assurances that the bills were correct, appellant alleged that it miscalculated its overhead and, as a result, overestimated its profit margin. Appellant argued that it subsequently paid an inflated price for stock when buying out certain stockholders.

The trial court, following the weight of authority from other jurisdictions, determined that the defense of equitable estoppel will not bar a utility from collecting for all electricity consumed. *Memphis Light, supra; Chesapeake & Potomac Tel. Co. of Virginia v. Bles*, 218 Va. 1010, 243 S.E.2d 473 (1978); *Haverhill Gas Co. v. Findlen*, 357 Mass. 417, 258 N.E.2d 294 (1970); *Wisconsin Power & Light Co. v. Berlin Tanning & Mfg. Co.*, 275 Wis. 554, 83 N.W.2d 147 (1957); *Sigal v. City of Detroit*, 140 Mich.App. 39, 362 N.W.2d 886 (1985); *Corp. De Gestion Ste–Foy v. Florida Power & Light*, 385 So.2d 124 (Fla.App.1980).

In each of the cited cases, the customers argued as appellant does that they incurred damages as a result of detrimental reliance upon the utility's negligent underbilling. Nevertheless, these courts held that statutes which require that public utilities adhere rigidly to rate schedules approved by the public service commission preclude a customer from interposing the defense of equitable estoppel in an action by a utility to collect the balance of charges negligently omitted in earlier billings.

KRS 278.160(2), which is similar to the statutes involved in the cases cited, states as follows:

No utility shall charge, demand, collect or receive from any person a greater or less compensation for any service rendered or to be rendered than that prescribed in its filed schedules, and no person shall receive any service from any utility for a compensation greater or less than that prescribed in such schedules.

The decisions foreclosing the defense of equitable estoppel "recognized that where a statute declares that public utilities must charge all customers of public power alike according to a standard rate schedule, it is a contravention of public policy to estop the utility from collecting the full amount due for utilities consumed even where the customer has been negligently under-billed." *Memphis Light*, 705 S.W.2d at 653. The Supreme Court of Tennessee concluded that "[i]f the customer could successfully

assert an estoppel defense, it would in effect have received electrical service at a rate far below that charged other users of like services. Besides unjustly enriching the customer, the result would amount to granting it a rate preference...." *Id.* at 654.

In light of the applicable Kentucky statute and the decisions cited, we fail to perceive any valid basis for finding that the equitable defense of estoppel may be invoked by a customer in Kentucky to defeat the claim of a utility to recover the amount of an underbilling. We hold, therefore, that the court did not err by concluding that the defense of equitable estoppel was not available to appellant.

Next, we turn to the issue of whether a customer who has been underbilled has a cause of action for damages. In *Wisconsin Power & Light Co., supra,* the customer counterclaimed for damages resulting from the utility's negligence in underbilling for gas service. On appeal, the customer argued that the cases concerning estoppel were inapplicable. The Supreme Court of Wisconsin disagreed. "We do not see any important difference between reducing the amount to be paid plaintiff by a defense of estoppel arising out of negligent billing and reducing the amount by setting off damages arising from negligent billing." 83 N.W.2d at 151. We agree with the reasoning of the Wisconsin court and accordingly conclude that a customer cannot assert a counterclaim for damages resulting from negligent underbilling in an action by a utility to recover the amount underbilled.

Appellant argues that *Huff v. Electric Plant Board of Monticello,* Ky., 299 S.W.2d 817 (1957), is authority for recognizing that a public utility may be adjudged liable for damages caused by its negligent underbilling of a customer. We disagree with appellant's interpretation of *Huff.* Our supreme court in *Huff* simply recognized the generally accepted rule that in this jurisdiction a "company may be liable for damages resulting from the disconnection of the current if the bill rendered is not just and correct." *Id.* at 818. The case

before us does not involve the liability of a public utility for wrongful discontinuance of service, for which a cause of action has long been recognized. 64 Am.Jur.2d *Public Utilities* § 64 (1972).

Appellant also relies on *Laclede Gas Co. v. Solon Gershman, Inc.,* 539 S.W.2d 574 (Mo.1976), and *Empire West v. Southern California Gas Co.,* 12 Cal.3d 805, 117 Cal.Rptr. 423, 528 P.2d 31 (1974). However, these cases are clearly distinguishable on their facts.

The court's judgment is affirmed.

All concur.