GORDON v CITY OF BLOOMFIELD HILLS

Docket No. 143381. Submitted January 12, 1994, at Detroit. Decided
    June 23, 1994; approved for publication October 11, 1994, at
    9:00 A.M. Leave to appeal sought.

Herbert W. and Patricia J. Gordon and Gay M. Yankee petitioned
    the Bloomfield Hills Planning Commission, seeking permission
    to split their respective subdivision lots to create a third lot.
    The request was denied, and the Bloomfield Hills City Commis-
    sion affirmed that decision. The petitioners appealed, and the
    Oakland Circuit Court, Edward Sosnick, J., reversed the deci-
    sions denying the request. The City of Bloomfield Hills ap-
    pealed.

    The Court of Appeals *held:*

    1. The trial court erred in substituting its judgment for that
    of the commission and therefore exceeded the scope of its
    review authority. The commission's judgment was supported by
    competent, material, and substantial evidence on the whole
    record.

    2. There is no requirement that a trial court remand a case
    to an administrative agency where it finds that a decision of
    the agency is unsupported by the evidence. The court did not
    abuse its discretion in failing to remand in this case.

    Reversed.

    J. STEMPIEN, J., dissenting, stated that the trial court did not
    err in finding that the commission's judgment was not sup-
    ported by competent, material, and substantial evidence on the
    record.

ADMINISTRATIVE LAW — APPEAL — SCOPE OF REVIEW.

    Administrative decisions are to be affirmed on appeal unless they
    are contrary to law or unsupported by competent, material, and
    substantial evidence on the whole record; a reviewing court
    must give due deference to the agency's regulatory expertise
    and may not invade the province of exclusive administrative
    fact finding by displacing the agency's choice between two
    reasonably differing views (Const 1963, art 6, § 28).

REFERENCES

Am Jur 2d, Administrative Law § 625.
See ALR Index under Administrative Law.

*Beier Howlett* (by *Lawrence R. Ternan* and *John D. Staran*), for the petitioners.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *William P. Hampton, Gerald A. Fisher,* and *Thomas R. Schultz*), for the respondent.

Before: HOOD, P.J., and R. J. DANHOF* and J. STEMPIEN,** JJ.

PER CURIAM. This is a zoning case. Petitioners sought, and were denied, permission to split their respective subdivision lots to create a third lot.

Respondent appeals as of right from the trial court's order reversing the decision of the Bloomfield Hills Planning Commission, as affirmed by the Bloomfield Hills City Commission, that denied petitioners' request. We reverse.

Respondent first argues that the trial court substituted its judgment for that of the city commission. We agree.

Administrative decisions are to be affirmed unless they are contrary to law or unsupported by competent, material, and substantial evidence on the whole record. Const 1963, art 6, § 28. A reviewing court must consider all the evidence on the record, not just that supporting the agency's decision. *Michigan Employment Relations Comm v Detroit Symphony Orchestra, Inc,* 393 Mich 116, 124; 223 NW2d 283 (1974). However, it must give due deference to the agency's regulatory expertise and may not "invade the province of exclusive administrative fact-finding by displacing an agency's choice between two reasonably differing views." *Id.*; see also *Murphy v Oakland Co Dep't of*

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Administrative Order No. 1993-6.

** Circuit judge, sitting on the Court of Appeals by assignment.

*Health,* 95 Mich App 337, 339-340; 290 NW2d 139 (1980).

Here, in deciding whether to allow the split, the commission was to consider—among other things —the resulting lots' "harmony" with the surrounding area in terms of size, setback, height, density, and shape. The commission found that the proposed split would result in the creation of the two smallest lots in the subdivision, especially because petitioners' lots—although not the proposed lot— already included an unusable portion of right of way. The commission acknowledged that the resulting lots would meet the relevant zoning ordinance's minimum requirements in terms of size and frontage. However, respondent stresses, "harmony" must necessarily mean more than technical compliance, otherwise the ordinance would be meaningless.

The trial court acknowledged the factual findings of the commission. However, it disagreed with the commission regarding whether the resulting lots would create disharmony in the neighborhood. In this regard, the trial court erred in substituting its judgment for that of the commission and therefore exceeded the scope of its review authority. We must therefore reverse.

Respondent's remaining arguments lack merit.

First, the commission did not rely upon access to a right of way in order to support its decision to deny the split request. Further, the zoning ordinance does not appear to require that petitioners prove that they have access to a right of way before obtaining permission to split a lot. Additionally, petitioners' memorandum of law—which has gone unrebutted—does appear to show that there is a right to gain access to the adjoining right of way from the proposed new lot.

Lastly, respondent has failed to provide any

support for its assertion that a trial court *must* remand a case to an administrative agency where it finds that a decision is unsupported by the evidence. Rather, a trial court may remand a case where appropriate. Here, respondent has failed to prove that the court abused its discretion in failing to remand this case.

Reversed.

J. STEMPIEN, J. *(dissenting)*. It is true that the trial court acknowledged the factual findings of the planning commission. It does not necessarily follow, however, that reversal was merely a substitution of the trial court's judgment for that of the commission. The scope of the review by the trial court is to determine if the record upon which the commission based its conclusion had any competent, material, and substantial evidence to support the commission's conclusion. It was the trial court's opinion that even if one accepts the factual findings (lot size, shape, and so forth), those facts do not rise to the level of evidence necessary to conclude that the proposed lot split would create disharmony. The trial court's opinion adequately addresses each and every aspect of the record and need not be repeated here. I agree with the trial court that the established record does not support the planning commission decision.