*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TAJ GRAPHIC ENTERPRISES, LLC,

Plaintiff,

and

ROBERT KATTULA,

Plaintiff-Appellant/Cross-Appellee,

v

JOHN D. HERTZBERG, HERTZBERG, PLLC, and
HERTZBERG, PC,

Defendants-Appellees/Cross-
Appellants.

UNPUBLISHED
September 10, 2020

No. 346988
Wayne Circuit Court
LC No. 17-012861-NM

Before: JANSEN, P.J., and K. F. KELLY and CAMERON, JJ.

PER CURIAM.

In this malicious prosecution and legal malpractice action, plaintiff Robert Kattula appeals as of right the trial court order granting summary disposition in favor of defendants, John D. Hertzberg (Hertzberg), Hertzberg, PLLC, and Hertzberg, PC. Defendants cross-appeal the portion of the trial court order denying their motion for sanctions. Finding no errors requiring reversal, we affirm. This appeal is decided without oral argument. MCR 7.214(E)(1)(b).

## I. BASIC FACTS

This matter arises from a dispute that occurred between Hertzberg and Kattula while defendants were representing one of Kattula's companies—plaintiff, TAJ Graphic Enterprises, LLC (TAJ)—in TAJ's Chapter 11 bankruptcy case. After the relationship between Hertzberg and Kattula soured, defendants filed a motion to withdraw as counsel for TAJ in the bankruptcy case. This motion did not simply allege that there was a breakdown in the attorney-client relationship. Instead, defendants alleged that they were no longer able to represent Kattula, his son Andrew

Kattula (Andrew), or any of their companies because Kattula and Andrew had engaged in a variety of wrongdoing and potentially criminal acts. The bankruptcy court granted defendants' motion. Shortly thereafter, defendants filed an application for fees that was eventually denied.

Nearly two years later, Kattula filed a first amended complaint in Wayne Circuit Court raising six counts against defendants: malicious prosecution, abuse of process, legal malpractice regarding revealing client confidences, legal malpractice regarding business transactions with a client, breach of the good-faith duty regarding client confidences, and breach of the good-faith duty regarding business transactions with a client. Specifically, Kattula alleged that he, Andrew, and their various business entities engaged in several business transactions with defendants between 2011 and 2015. He also delineated defendants' participation in the bankruptcy proceedings, culminating in defendants' motion to withdraw as counsel and subsequent application for fees. According to Kattula, defendants' motion to withdraw included "scandalous allegations" against Kattula that "went far beyond the allegations necessary to establish a basis for [defendants] to obtain Court approval to withdraw."

The trial court granted summary disposition of Kattula's first amended complaint, noting several deficiencies in his claims, but allowed him to amend his complaint a second time. Kattula's second amended complaint asserted a single count of malicious prosecution and two counts of legal malpractice.[1] The trial court again granted summary disposition in favor of defendants, reasoning that defendants' statements in the motion to withdraw "may be inappropriate and disrespectful," but were privileged, and Kattula could not establish an attorney-client relationship when TAJ was the entity being represented in the bankruptcy case.

## II. STANDARD OF REVIEW

The appellate court reviews de novo the trial court's ruling on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Defendants moved for summary disposition under MCR 2.116(C)(8) and (10). Summary disposition is appropriate under MCR 2.116(C)(8) when "[t]he opposing party has failed to state a claim on which relief can be granted." MCR 2.116(C)(8). In ruling on a motion under this subrule, the trial court may only consider the pleadings and must accept all factual allegations as true. *El-Khalil*, 504 Mich at 160. However, "[c]onclusory statements, unsupported by factual allegations, are insufficient to state a cause of action." *Churella v Pioneer State Mut Ins Co*, 258 Mich App 260, 272; 671 NW2d 125 (2003). "A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *El-Khalil*, 504 Mich at 160.

While MCR 2.116(C)(8) tests the legal sufficiency of the pleadings, MCR 2.116(C)(10) tests the factual sufficiency of the claim. *Id*. at 159-160. "When deciding a motion for summary disposition under this rule, a court must consider in the light most favorable to the nonmoving party the pleadings, affidavits, depositions, admissions, and other documentary evidence then filed in the action or submitted by the parties." *Campbell v Kovich*, 273 Mich App 227, 229; 731 NW2d

---

[1] Technically, count II was titled, "negligence regarding client confidences," and count III was titled, "breach of good faith duty regarding revealing client confidences."

112 (2006). Summary disposition is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 5; 890 NW2d 344 (2016). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *El-Khalil*, 504 Mich at 160 (quotation marks and citation omitted). This Court also reviews de novo the applicability of a privilege. *Oesterle v Wallace*, 272 Mich App 260, 263; 725 NW2d 470 (2006).

## III. SUMMARY DISPOSITION

Kattula alleges that the trial court improperly granted summary disposition of his second amended complaint because he raised material legal and factual issues that precluded summary disposition. We disagree.

## A. MALICIOUS PROSECUTION

Kattula first submits that the trial court erred by dismissing his malicious prosecution claim on the basis of the judicial-proceedings privilege because the allegations included in defendants' motion to withdraw were not relevant to the proceedings and, therefore, not privileged. Although we conclude that summary disposition was inappropriate under MCR 2.116(C)(8), the trial court's error does not require reversal because summary disposition was warranted under MCR 2.116(C)(10).

An action for malicious prosecution of civil proceedings involves four elements: "(1) prior proceedings terminated in favor of the present plaintiff, (2) absence of probable cause for those proceedings," (3) malice, and (4) special injury to the present plaintiff. *Friedman v Dozorc*, 412 Mich 1, 48; 312 NW2d 585 (1981). For purposes of the third element, malice refers to " 'a purpose other than that of securing the proper adjudication of the claim in which the proceedings are based.' " *Id*., quoting 3 Restatement Torts, 2d, §§ 674-681B, pp 452-473. In moving for summary disposition, defendants did not dispute the existence of any particular element of malicious prosecution, instead arguing that the claim failed as a matter of law because it concerned privileged statements defendants made in the course of judicial proceedings.

"The defense of privilege is grounded in public policy; in certain situations, the criticism uttered by the defendant is sufficiently important to justify protecting such criticism notwithstanding the harm done to the person at whom the criticism is directed." *Bedford v Witte*, 318 Mich App 60, 65; 896 NW2d 69 (2016). Under the judicial-proceedings privilege, "[s]tatements made by judges, attorneys, and witnesses during the course of judicial proceedings are absolutely privileged if they are relevant, material, or pertinent to the issue being tried." *Oesterle*, 272 Mich App at 264. The privilege is given a liberal construction to further its purpose of ensuring that "participants in judicial proceedings are free to express themselves without fear of retaliation." *Id*. at 265 (quotation marks and citation omitted). To fall within the scope of the privilege, the statement "need not be strictly relevant to any issue involved in the litigation," but must have "some reference to the subject matter of the litigation." *Lawrence v Burdi*, 314 Mich App 203, 217-218; 886 NW2d 748 (2016) (quotation marks and citation omitted).

The trial court granted defendants' motion for summary disposition under MCR 2.116(C)(8). The trial court erred in relying on MCR 2.116(C)(8) because Kattula's claim of

malicious prosecution, as pleaded, was not so clearly unenforceable on the basis of the judicial-proceedings privilege that no factual development could possibly justify recovery. Nonetheless, we will not reverse a trial court's order merely because it granted a motion under the wrong rule. *Spiek v Mich Dep't of Transp*, 456 Mich 331, 338 n 9; 572 NW2d 201 (1998). Reversal is unnecessary in this instance because summary disposition is proper under MCR 2.116(C)(10).

In support of their motion for summary disposition in this case, defendants produced their motion to withdraw as TAJ's counsel in the bankruptcy proceeding. Without repeating the allegations in full, defendants' representations to the bankruptcy court are best summarized as follows: (1) that Kattula, acting as owner of TAJ, refused to pay defendants in excess of $75,000, presumably for legal fees; (2) that Kattula made fraudulent misrepresentations to Hertzberg in connection with financing and improvements required by an out-of-state company owned by Hertzberg; (3) that Hertzberg learned from third parties that Kattula had a history of defrauding others in loan transactions; (4) that Kattula misled a prospective borrower and defendants about the purpose for which commitment fees would be used; and (5) that Kattula urged Andrew to repudiate a contract between Andrew and a friend of Hertzberg, to demand funds well in excess of the agreed upon purchase price for the real estate involved in the contract, and to unilaterally modify the purchase price. Defendants alleged that, as a result of these actions, Hertzberg was unable to effectively communicate with Kattula for purposes of representing TAJ and that Hertzberg, and his friend, would likely commence litigation against Andrew and the Kattulas' various companies. Defendants concluded that the circumstances had given rise to an actual conflict of interest and required them to terminate their representation of Kattula, Andrew, and their companies.

Under MRPC 1.16(b), a lawyer may seek a tribunal's leave to withdraw from representation of a client if:

> (1) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

> (2) the client has used the lawyer's services to perpetrate a crime or fraud;

> (3) the client insists upon pursuing an objective that the lawyer considers repugnant or imprudent;

> (4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

> (5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

> (6) other good cause for withdrawal exists.

The allegations defendants made against Kattula would have fallen squarely within the provisions of MRPC 1.16(b) had Kattula been defendants' client in the bankruptcy proceedings. Relying on this distinction, Kattula argues that the allegations in defendants' motion were not material, relevant, or pertinent to defendants' request to withdraw because Kattula had nothing to do with

the bankruptcy case. We disagree. Kattula acknowledged in his second amended complaint that he "acted as the agent for TAJ with regard to Hertzberg's legal representation of and legal interaction with TAJ[.]" Thus, given Kattula's integral role in defendants' representation of TAJ, defendants' allegations satisfy MRPC 1.16(b)(6) ("other good cause for withdrawal exists"), even if they do not strictly satisfy subdivisions (1) through (5). Moreover, the suddenly adversarial nature of the relationship between Kattula and Hertzberg amounted to an actual conflict of interest that precluded defendants from continuing to represent Kattula or his entities. See MRPC 1.7(b) (regarding conflict of interest precluding representation when representation "may be materially limited by . . . the lawyer's own interests") and MRPC 1.16(a)(1) (prohibiting representation that violates rules of professional conduct).

Kattula also argues that the statements were not privileged because they went beyond the pro forma allegation of a breakdown in the professional relationship that is generally asserted in a motion to withdraw. We acknowledge that defendants' motion used impassioned language, referring to Kattula's "lack of credibility and integrity" and opining that Kattula was engaging in criminal and fraudulent behavior. Defendants' allegations were uncommonly descriptive in explaining the various transactions that resulted in such ill will between Hertzberg and Kattula. While these facts might raise issues concerning defendants' ethical and professional obligations, they do not render the statements irrelevant or cause them to fall outside the scope of the judicial-proceedings privilege. The statements clearly concerned the matter before the bankruptcy court because they described the reasons for defendants' claimed inability to continue representing TAJ. Because reasonable minds could not differ on this point, the content of defendants' motion to withdraw was protected by the judicial-proceedings privilege and, therefore, could not serve as the basis for Kattula's claim of malicious prosecution. Accordingly, the trial court reached the right result by granting summary disposition of that claim, even if it did so under the wrong rule.

## B. LEGAL MALPRACTICE

Kattula also contends that his legal malpractice claims should not have been summarily dismissed because the evidence demonstrated that his allegations of misconduct arose in the context of his attorney-client relationship with defendants. We disagree.

A claim of legal malpractice consists of four elements: (1) the existence of an attorney-client relationship; (2) negligence in the attorney's representation of the plaintiff; (3) proximate causation; and (4) "the fact and extent of the injury alleged." *Bowden v Gannaway*, 310 Mich App 499, 503; 871 NW2d 893 (2015) (quotation marks and citation omitted). Defendants sought summary disposition of Counts II and III of the second amended complaint arguing that they owed no duty to Kattula in the absence of an attorney-client relationship in the bankruptcy case.

Again, the trial court granted summary disposition under MCR 2.116(C)(8), which required the trial court to consider the legal sufficiency of Kattula's claims on the basis of the pleadings alone. *El-Khalil*, 504 Mich at 160. In Count II, Kattula alleged that defendants committed legal malpractice by breaching the duty of confidentiality they owed Kattula, as TAJ's agent. Kattula further alleged that by disclosing confidential information, defendants cast Kattula in a negative light, allowed "opponents of TAJ" access to information that was detrimental to the bankruptcy proceeding, and otherwise sabotaged the bankruptcy case.

When an attorney represents an organization, the protections afforded to confidential attorney-client communications extend to communications between the attorney and agents of the organization authorized to speak on its behalf regarding the subject matter. *Nash v Grand Haven*, 321 Mich App 587, 593-594; 909 NW2d 862 (2017). Although attorney-client privilege may be asserted by either party to the communication, only the client is able to waive the privilege. *Augustine v Allstate Ins Co*, 292 Mich App 408, 420; 807 NW2d 77 (2011). Thus, Kattula correctly asserted that the duty of confidentiality defendants owed to TAJ extended to communications they had with Kattula regarding the bankruptcy proceedings. But the fact remains that TAJ—not Kattula—was defendants' client in the bankruptcy case. See *Alpha Capital Mgt, Inc v Rentenbach*, 287 Mich App 589, 601; 792 NW2d 344 (2010) (stating that when an attorney represents a corporation, the corporation is the attorney's client, rather than the shareholders). Consequently, to the extent that defendants' actions in the bankruptcy proceedings would give rise to a claim of legal malpractice, that claim did not belong to Kattula. See *Bowden*, 310 Mich App at 503 (requiring, as an essential element of the claim, "negligence in the legal representation of *the plaintiff*") (quotation marks and citation omitted; emphasis added). The trial court, therefore, did not err by granting summary disposition of Count II.

Kattula argues that he pleaded a viable claim of legal malpractice because he alleged elsewhere in his complaint that defendants also represented him personally in other matters. Kattula relies extensively on this Court's unpublished opinion in *Goldberg v 10034 Huntington Woods Investment, LLC*, unpublished per curiam opinion of the Court of Appeals, issued August 9, 2018 (Docket Nos. 337109 and 339445), to support his position. As an unpublished opinion, *Goldberg* has no binding precedential value with this Court. *Smith Living Trust v Erickson Retirement Communities*, 326 Mich App 366, 386 n 6; 928 NW2d 227 (2018), citing MCR 7.215(C)(1). *Goldberg* also lacks instructive or persuasive value on this issue, despite the fact that defendants, as well as Kattula's son, were litigants in that case, because it did not involve claims of legal malpractice. Rather, *Goldberg* discussed an ongoing duty of confidentiality owed to a former client that rendered an affidavit authored by Hertzberg inadmissible in an action to enforce an oral agreement because the affidavit disclosed confidential communications with the former client. *Goldberg*, unpub op at 8-10. At most, *Goldberg* demonstrates that an attorney's duty to maintain a client's confidences does not end at the conclusion of the attorney's representation. Kattula's reliance on *Goldberg* is misplaced because the Court did not hold, or even imply, that an attorney's earlier representation of a client satisfies the first element of a legal malpractice claim arising from the attorney's representation of a different, albeit related, client in another proceeding.

In Count III of the second amended complaint, Kattula alleged that defendants breached their professional responsibilities regarding client confidentiality under MRPC 1.6, as well as the implied covenants of good faith and fair dealing, by making false accusations of wrongful conduct against Kattula in the motion to withdraw.[2] To the extent that this count sounds in legal

---

[2] To the extent that Count III simply asserts a breach of the Michigan Rules of Professional Conduct, summary disposition would still be appropriate under MCR 2.116(C)(8) because noncompliance with the rules of professional conduct provides a basis for professional discipline, but will not "give rise to a cause of action . . . for damages caused by failure to comply with an obligation or prohibition imposed by a rule." MRPC 1.0(b).

malpractice, the trial court did not err by granting summary disposition. Like Count II, Count III does not allege malpractice in the context of an attorney-client relationship between defendants and Kattula in the bankruptcy case. Indeed, Kattula specifically asserted in Count III that defendants "contracted with TAJ to represent it as its attorney." Because Count III does not allege malpractice in defendants' representation of Kattula, it fails to state a claim upon which relief could be granted.

## IV. DEFENDANTS' MOTION FOR SANCTIONS

On cross-appeal, defendants argue that the trial court erred by failing to award sanctions in the form of attorney fees and costs incurred in responding to frivolous claims in Kattula's second amended complaint. We disagree.

The purpose of sanctions in the court rules "is to deter parties and attorneys from filing documents or asserting claims and defenses that have not been sufficiently investigated and researched or that are intended to serve an improper purpose." *FMB-First Mich Bank v Bailey*, 232 Mich App 711, 722-723; 591 NW2d 676 (1998). "A trial court's findings with regard to whether a claim or defense was frivolous, and whether sanctions may be imposed, will not be disturbed unless it is clearly erroneous." *1300 LaFayette East Coop, Inc v Savoy*, 284 Mich App 522, 533; 773 NW2d 57 (2009). "A decision is clearly erroneous where, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *Kitchen v Kitchen*, 465 Mich 654, 661-662; 641 NW2d 245 (2002).

MCR 2.114(D)[3] provides that an attorney who signs a document certifies that the attorney has read the document, that "the document is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law," and that the document is not intended for an improper purpose, such as harassment, delay, or to increase the cost of litigation. Sanctions are also authorized by MCR 2.625(A)(2) and MCL 600.2591(1). "Whether a claim is frivolous within the meaning of MCR 2.114(F) and MCL 600.2591 depends on the facts of the case." *Kitchen*, 465 Mich at 662.

"An attorney has an affirmative duty to conduct a reasonable inquiry into the factual and legal viability of a pleading before it is signed." *LaRose Market, Inc v Sylvan Ctr, Inc*, 209 Mich App 201, 210; 530 NW2d 505 (1995). "The reasonableness of the attorney's inquiry is determined by an objective standard, not the attorney's subjective good faith." *Meisner Law Group, PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 731; 909 NW2d 890 (2017). "A court must determine whether a claim or defense is frivolous on the basis of the circumstances at the time it was asserted." *Id*. at 732. "[A] claim is devoid of arguable legal merit if it is not sufficiently

---

[3] MCR 2.114 was repealed, effective September 1, 2018. This Court applies the version of court rules that were in effect at the time the trial court denied defendant's motion for sanctions. See *Rowe v Lowry*, 186 Mich App 136, 140; 463 NW2d 110 (1990) ("Although the amended court rule, which became effective March 31, 1990, now provides that an improper response constitutes a rejection, the court rule in effect at the time the road commission issued the improper response must be applied."). Additionally, the provisions previously contained in MCR 2.114 now appear in MCR 1.109(E)(5) through (7). Administrative Order No. 2002-37.

grounded in law or fact, such as when it violates basic, longstanding, and unmistakably evident precedent." *Adamo Demolition Co v Dep't of Treasury*, 303 Mich App 356, 369; 844 NW2d 143 (2013) (quotation marks and citations omitted).

On the whole, we are not left with a definite and firm conviction that the trial court erred by failing to award sanctions on the basis of frivolous pleadings. The trial court observed at the hearing on defendants' first dispositive motion that Kattula failed to allege a special injury for purposes of malicious prosecution, an appropriate ulterior motive to support an abuse of process claim, or the existence of an attorney-client relationship for purposes of legal malpractice. In response to these issues, Kattula described his damages more specifically and in a manner that was consistent with caselaw he believed to be controlling. In his second amended complaint, Kattula made at least a good-faith effort to address the deficiencies cited by the trial court. The trial court was well aware of this history and, thus, did not clearly err by finding that the claims presented in Kattula's second amended complaint were not frivolous and did not warrant an award of sanctions.

Affirmed.

/s/ Kathleen Jansen
/s/ Kirsten Frank Kelly
/s/ Thomas C. Cameron