POLANIA v STATE EMPLOYEES' RETIREMENT SYSTEM

Docket No. 308593. Submitted January 15, 2013, at 9:10 a.m. Decided January 29, 2013, at 9:10 a.m. Leave to appeal sought.

Maureen Polania, an employee of what is now the Department of Human Services, applied for nonduty disability retirement benefits at the Office of Retirement Services in 2009 after she had stopped working due to asserted bipolar disorder, diabetes, high cholesterol, neurogenic dermatitis, traumatic brain injury, emotional problems, and poor hearing. That office had one independent medical advisor assess Polania's psychiatric condition and another independent medical advisor assess Polania's physical condition. After reviewing Polania's medical records, both independent medical advisors concluded that Polania did not have a total and permanent nonduty disability and the retirement services office denied Polania's application on the basis that its medical advisors did not recommend a nonduty disability retirement. Polania appealed the decision. Following a hearing, the hearing officer issued a proposal for decision, concluding that Polania was not eligible for nonduty disability retirement services. The State Employees' Retirement System Board thereafter issued a decision and order adopting the hearing officer's proposed decision and denied Polania's request for benefits. The board concluded that neither independent medical advisor had certified that Polania was totally and permanently disabled, which it determined was required under MCL 38.24 for her to be eligible for nonduty disability retirement benefits. Polania sought review of the board's decision in the Ingham Circuit Court. The court, William E. Collette, J., rejected an interpretation of MCL 38.24 that would give the state's independent medical advisor final authority on whether a claimant was totally and permanently disabled and thus eligible for nonduty disability retirement benefits. On the basis of the evidence presented, the court concluded that the board's decision was not supported by competent, substantial, and material evidence on the record and reversed the board's denial of benefits. The State Employees' Retirement System appealed by leave granted.

The Court of Appeals *held*:

1. To qualify for nonduty disability retirement benefits, MCL 38.24(1) requires (1) a member to file an application for benefits no

later than one year after termination of the member's state employment, (2) a medical advisor to conduct a medical examination of the member and certify in writing that the member is mentally or physically totally incapacitated for further performance of duty, that the incapacitation is likely to be permanent, and that the member should be retired, and (3) a member must have been a state employee for at least 10 years. If all the requirements are met, the board has discretion to decide whether to retire the employee. Conversely, the board cannot retire an employee if the criteria have not been met. The review of an employee's medical records is sufficient to constitute a medical examination for purposes of MCL 38.24(1). In this case, the court erred by reversing the board's decision and directing that Polania be granted nonduty disability retirement benefits. The board had properly determined that it lacked authority to grant Polania's request because both medical advisors refused to certify that she was totally and permanently disabled, a requirement under MCL 38.24(1)(b) before nonduty disability retirement benefits could be awarded. There was competent, material and substantial evidence to support the board's decision and the court should have affirmed the decision.

2. The medical advisor certification requirement of MCL 38.24(1) does not conflict with Const 1963, art 6, § 28 and MCL 24.306(1). These provisions provide for the review of agency decisions; they do not limit the Legislature's authority to establish criteria, nor do they give the agency authority to ignore those criteria.

Reversed and remanded.

CIVIL SERVICE — STATE EMPLOYEES — RETIREMENT — NONDUTY DISABILITY RETIREMENT — MEDICAL EXAMINATIONS — MEDICAL ADVISOR CERTIFICATION — TOTAL AND PERMANENT DISABILITY.

The State Employees' Retirement System Board has discretion to award nonduty disability retirement benefits if (1) a member files an application for benefits no later than one year after termination of the member's state employment, (2) a medical advisor conducts a medical examination of the member and certifies in writing that the member is mentally or physically totally incapacitated for further performance of duty, that the incapacitation is likely to be permanent, and that the member should be retired, and (3) a member had been a state employee for at least 10 years; the Board cannot award nonduty disability retirement benefits to a member if a medical advisor does not certify that he or she was totally and permanently disabled (MCL 38.24[1]).

*Troy W. Haney* and *Robert J. Riley* for Maureen Polania.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Richard A. Bandstra*, Chief Legal Counsel, and *Kyle McLaughlin*, Assistant Attorney General, for the State Employees' Retirement System.

Before: SAWYER, P.J., and MARKEY and M. J. KELLY, JJ.

PER CURIAM. In this dispute over employee benefits, respondent State Employees' Retirement System appeals by delayed leave granted the trial court's opinion and order reversing its decision to deny petitioner, Maureen Polania's request for nonduty disability retirement benefits. On appeal, we conclude that the State Employees' Retirement System Board (Board) properly interpreted and applied the applicable law. Moreover, because its decision was supported by competent, material, and substantial evidence on the whole record, the trial court erred when it reversed the Board's decision. For these reasons, we reverse and remand for entry of an order affirming the Board's denial of benefits.

### I. BASIC FACTS

Polania worked as a social worker since either 1989 or 1990 for what is now the Department of Human Services. She stopped working for the department in March 2009 and applied for nonduty disability retirement benefits with the Office of Retirement Services (Retirement Services) in June of that same year. On her application she stated that she had stopped working for the department because she was unable to cope with the stress, was unable to control her blood-sugar levels, was suffering from memory loss, and had nervous anxiety. She claimed that she was permanently and totally

disabled as a result of bipolar disorder, diabetes, high cholesterol, neurogenic dermatitis, traumatic brain injury, emotional problems, and poor hearing.

In November 2009, Retirement Services' designated medical advisor, psychiatrist Paul Liu, D.O., provided a statement of disability concerning Polania's psychiatric condition. Liu summarized the psychological records that he had reviewed to assess whether Polania was permanently disabled as a result of her mental impairments, including reports by Polania's treating psychiatrist, Dr. Kumar Anil Jain, and the records from a mental evaluation done by another psychiatrist, Dr. Basivi Baddigam, M.D., on behalf of Retirement Services in August 2009.

Liu ultimately determined that Polania was not permanently disabled. He relied in part on Jain's reports, which showed that Jain had diagnosed Polania with bipolar disorder, but also described Polania's treatment plan and provided that she could return to work in January 2010. Liu also found it noteworthy that after his examination, Baddigam had determined that Polania would be "able to work if her bipolar systems are in remission with the treatment." Because the records showed that Polania's bipolar disorder was treatable and that she had successfully worked for years with bipolar disorder, Liu anticipated that Polania's "condition will continue to improve with treatment and therefore not be permanent." As such, he concluded that Polania did not meet the definition for total disability.

Retirement Services had another medical advisor, David Mika, D.O., evaluate Polania's physical condition. On the basis of his review of Polania's medical records, Mika opined that Polania did not "have a total and permanent non-duty disability."

In a letter dated November 18, 2009, Retirement Services notified Polania that it was denying her request for nonduty disability benefits. Retirement Services explained that it was denying the request because its medical advisors "did not recommend a non-duty disability retirement."

In January 2010, Polania appealed Retirement Services' decision to deny her request for nonduty disability benefits. A hearing was held on Polania's appeal in September 2010. The hearing officer issued a proposal for decision in November 2010. Citing MCL 38.24, the hearing officer determined that a claimant cannot obtain nonduty disability benefits unless the Retirement Services' medical advisor certifies that the claimant is permanently and totally disabled. The hearing officer noted that the record evidence showed that neither of the Retirement Services' medical advisors "certified that [Polania] is totally and permanently disabled." For that reason, the hearing officer concluded that Polania was "not eligible for non-duty disability retirement."

In April 2011, the Board issued its decision and order. In its decision, the Board adopted the hearing officer's proposed decision and denied Polania's request for benefits. The Board agreed that Polania was not entitled to nonduty disability benefits because neither of the Retirement Services' medical advisors certified that Polania was totally and permanently disabled, which certification is required under MCL 38.24.

Polania appealed the Board's decision to the circuit court in July 2011. In her petition, Polania argued that the Board erred when it interpreted MCL 38.24 to provide that a claimant cannot obtain nonduty disability retirement benefits unless the state's medical advisor certifies that the claimant is totally and permanently disabled. She further alleged that, because she

presented compelling evidence that she was totally and permanently disabled, the Board erred by denying her request. For those reasons, she asked the trial court to reverse the Board's decision and enter an order awarding her nonduty disability retirement benefits.

The trial court held oral arguments on Polania's petition in December 2011 and entered its judgment in January 2012. In its opinion, the trial court rejected an interpretation of MCL 38.24 that gives the state's medical advisor the last word on whether a claimant can receive nonduty disability retirement benefits: "It is also clear that Respondent's [independent medical advisors] do not have the first, last, and only word on whether or not an applicant qualifies for non-duty disability retirement benefits." The court came to that conclusion, in part, because such an interpretation would "effectively eliminate this Court's power to conduct a judicial review of the Board's decision pursuant to the Administrative Procedures Act and Michigan's Constitution." The court then went on to evaluate the record evidence and determined that the Board's decision to deny Polania's request for benefits was "not supported by competent, substantial, and material evidence on the whole record." For that reason, it reversed the Board's decision and remanded the case to the Board for entry of a decision granting Polania's request for nonduty disability retirement benefits.

The Board then appealed to this Court by delayed leave granted.

## II. NONDUTY DISABILITY RETIREMENT BENEFITS

### A. STANDARDS OF REVIEW

On appeal, the Board argues that the circuit court incorrectly applied the law when it determined that the

Board could retire Polania even though its medical advisors had not certified that she was totally and · permanently disabled. When reviewing the agency's decision, the trial court had to determine whether the agency's decision was "contrary to law, was supported by competent, material, and substantial evidence on the whole record, was arbitrary or capricious, was clearly an abuse of discretion, or was otherwise affected by a substantial and material error of law." *Dep't of Labor & Economic Growth, Unemployment Ins Agency v Dykstra*, 283 Mich App 212, 223; 771 NW2d 423 (2009) (quotation marks and citation omitted). If the agency's decision was not contrary to law and was otherwise supported by competent, material, and substantial evidence on the whole record, the trial court had to affirm the agency's decision. *Gordon v Bloomfield Hills*, 207 Mich App 231, 232; 523 NW2d 806 (1994), citing Const 1963, art 6, § 28. This Court's review in turn is limited to determining whether the trial court properly applied those principles: we must determine whether the trial court applied correct legal principles and whether it misapprehended or grossly misapplied the substantial evidence test to the agency's findings. *Dykstra*, 283 Mich App at 222.

This appeal also involves the proper interpretation of the State Employees' Retirement Act, MCL 38.1 *et seq*. And this Court reviews de novo the proper interpretation of statutes. *Granger Land Dev Co v Dep't of Treasury*, 286 Mich App 601, 608; 780 NW2d 611 (2009).

### B. QUALIFYING FOR NONDUTY DISABILITY BENEFITS

Throughout the proceedings below, the Retirement Service and the Board have consistently taken the position that in order for Polania to be eligible for

nonduty disability benefits under MCL 38.24, the Board's medical advisor must first certify that she is totally and permanently disabled. The Board maintains that in the absence of such a certification it must deny her request for benefits. We must, therefore, first determine whether the Board correctly interpreted MCL 38.24 to impose a certification requirement.

Historically, there has been some confusion about the role that the medical advisors[1] play in the Board's disability determinations; specifically, there has been confusion as to whether the medical advisor must certify the employee's disability before the Board can retire the employee.

Before 2002, former MCL 38.24 authorized the Board to retire a state employee and award him or her benefits if the employee had a qualifying disability and had been a state employee for at least 10 years:

> [U]pon application . . . a member who has been a state employee at least 10 years [and who] becomes totally and permanently incapacitated for duty as the result of causes occurring not in the performance of duty to the state, may be retired by the retirement board: Provided, The medical advisor after a medical examination of such member, shall certify that such member is mentally or physically incapacitated for the further performance of duty, and such incapacity is likely to be permanent and that such member should be retired. [1955 PA 237, former MCL 38.24.]

---

[1] The Legislature has not defined the term "medical advisor" within the State Employees' Retirement Act. See MCL 38.1f. However, the agency has defined "medical advisor" to mean "a physician designated by the retirement system." Mich Admin Code, R 38.21(1)(j). The Legislature authorized the Board to hire medical employees to assist in the operation of the retirement system. See *VanZandt v State Employees' Retirement System*, 266 Mich App 579, 586-587; 701 NW2d 214 (2005), citing MCL 38.6. And it is clear from the context that the agency's definition for medical advisor is consistent with the Legislature's use of that term in the act.

The final clause—the proviso—appeared to serve as a limit on the Board's authority to retire a disabled employee; the Board could only retire the employee if the medical advisor, after examining the employee, certified that the employee was "mentally or physically incapacitated for the further performance of duty", the incapacity was "likely to be permanent", and that the employee should be retired. See *id.*

In *Gersbacher v State Employees' Retirement Sys*, 145 Mich App 36; 377 NW2d 334 (1985), this Court examined a somewhat similar proviso that applied to duty disability benefits under MCL 38.21. With that statute the Legislature authorized the Board to retire an employee for disability arising from the performance of his or her duties with the following apparent limitation:

> "Provided, the medical advisor after a medical examination of said member shall certify in writing that said member is mentally or physically totally incapacitated for the further performance of duty in the service of the state, and that such incapacity will probably be permanent, and that said member should be retired: And provided further, That the retirement board concurs in the recommendation of the medical advisor." [*Gersbacher*, 145 Mich App at 44, quoting MCL 38.21 (emphasis removed).]

On appeal to this Court, the retirement system argued that the Board had no authority to retire the employee because the medical advisor in that case did not certify that the employee was totally and permanently incapacitated. But the Court in *Gersbacher* rejected the notion that the employee had to receive the medical advisor's certification before the Board could retire him:

> Petitioner construes the statute too narrowly. While the term "provided" suggests that certification of total, permanent, physical incapacitation is a prerequisite, other lan-

guage indicates that this is not true. The term "medical advisor" suggests action only in an *advisory* capacity. Further, the statute provides that the retirement board is to concur in the *"recommendation"* of the medical advisor. Read as a whole, we are of the opinion that the Legislature intended that the retirement board have the ability to override the decision of the medical advisor and to retire an individual even without the medical advisor's certificate. [*Id.* at 44-45.]

Twenty years later, examining the language of prior MCL 38.24, this Court concluded that this proviso was in fact a legislatively imposed limitation on the Board's authority to retire an employee:

The language of MCL 38.24 clearly provides that, although the Board has discretion in the decision whether to retire a state employee ("may be retired by the retirement board"), it cannot exercise that discretion unless and until the medical advisor certifies that the employee is incapacitated ("Provided, The medical advisor . . . shall certify that such member is . . . incapacitated. . . ."). [*VanZandt v State Employees' Retirement System*, 266 Mich App 579, 587; 701 NW2d 214 (2005).

The Court in *VanZandt* further rejected the analysis in *Gersbacher* on the basis of differences in the language between MCL 38.21 and MCL 38.24. See *id.* at 587 n 5. Nevertheless, this Court determined that it did not need to decide the matter because the circuit court clearly erred when it concluded that the Board's denial was not supported by competent, material, and substantial evidence. *Id.* at 588. Thus, there remained some doubt as to whether an employee must obtain the medical advisor's certification to be eligible for nonduty disability retirement under the prior version of MCL 38.24.

The Legislature amended MCL 38.24 to its current form in 2002. See 2002 PA 93. MCL 38.24(1) now provides in relevant part:

Except as may otherwise be provided in [MCL 38.33 and MCL 38.34], a member who becomes totally incapacitated for duty because of a personal injury or disease that is not the natural and proximate result of the member's performance of duty may be retired if all of the following apply:

(a) The member, the member's personal representative or guardian, the member's department head, or the state personnel director files an application on behalf of the member with the retirement board no later than 1 year after termination of the member's state employment.

(b) A medical advisor conducts a medical examination of the member and certifies in writing that the member is mentally or physically totally incapacitated for further performance of duty, that the incapacitation is likely to be permanent, and that the member should be retired.

(c) The member has been a state employee for at least 10 years.

Although the statute continues to provide the Board with the discretion to retire a disabled employee, the Legislature unambiguously limited that discretion to those situations in which the employee has met *all* the criteria provided under MCL 38.24(1). That is, the Board must examine the record and determine that each of the criteria provided under MCL 38.24(1) are true and then it *may* choose to retire the employee. It necessarily follows then, that if any of the criteria are not met, the Board *cannot* retire the employee. Accordingly, the Legislature has removed any doubt about the role of the medical advisor in nonduty disability cases; the Board must examine the record and determine whether a "medical advisor" has conducted a medical examination on the employee and certified "in writing" that the employee was "mentally or physically totally incapacitated for further performance of duty, that the incapacitation is likely to be permanent, and that [he or she] should be retired." MCL 38.24(1)(b).

The Board correctly understood that under the plain meaning of MCL 38.24(1)(b), Polania had to have such a certification before the Board could retire her. Because the record showed that both the medical advisors—one who evaluated her mental health and one who evaluated her physical health—refused to certify that Polania was totally and permanently disabled, the Board properly determined that it did not have the authority to grant Polania's request for retirement benefits and, on that basis, denied her claim. The Board did not have to examine the competing medical evidence to determine whether it should exercise its discretion—under the facts of this case, it had no discretion to grant Polania's request for benefits. For these reasons, the trial court erred when it determined that the Board's interpretation of MCL 38.24(1)(b) was incorrect. Moreover, there was no dispute that the medical advisors did not certify that Polania was totally and permanently disabled. As such, there was competent, material, and substantial evidence to support the Board's decision and the trial court erred when it determined otherwise. Consequently, the trial court had to affirm the Board's decision to deny Polania's request for benefits. *Gordon*, 207 Mich App at 232.

We further cannot agree with the trial court's conclusion that the Legislature's decision to provide a certification requirement under MCL 38.24(1)(b) conflicts with Const 1963, art 6, § 28 and MCL 24.306(1). These provisions provide for the review of agency decisions; they do not limit the Legislature's authority to establish eligibility criteria nor do they give agencies the authority to ignore those criteria. Even with strict eligibility criteria, the circuit court's power to directly review remains the same: the court must examine the Board's decision to determine whether it was "authorized by law," Const 1963, art 6, § 28, or otherwise in "violation of the constitution or a statute" or affected

"by other substantial and material error of law," MCL 24.306(1)(a) and (f), and must determine whether the decision was supported by "competent, material and substantial evidence on the whole record," Const 1963, art 6, § 28; MCL 24.306(1)(d).

Consistent with Const 1963, art 6, § 28 and MCL 24.306(1), the trial court should have reviewed the Board's interpretation of MCL 38.24(1)(b) and determined that the Board did not err when it concluded that MCL 38.24(1)(b) constituted a limitation on its authority to retire an employee. It then should have reviewed the record to determine whether the Board's finding that Polania had not established the certification required under MCL 38.24(1)(b) was supported by competent, material and substantial evidence on the whole record. Given the undisputed evidence that the medical advisors had not certified that Polania was totally and permanently disabled, the trial court should have concluded that the Board's decision was supported by the record.

This is not to say that we are unsympathetic to the trial court's concerns; there may be powerful incentives—whether conscious or subconscious—for a medical advisor in the Board's employ to refuse to certify employees with a total and permanent disability. And it seems inequitable that an employee who has substantial evidence that he or she is totally and permanently disabled is nevertheless precluded under MCL 38.24(1)(b) from seeking review of a medical advisor's refusal to certify his or her disability. This is especially true when, as here, the employee's evidence is founded on his or her long-time treating physicians' opinions and the Board's decision is dictated by the opinion of a medical advisor who had never examined the employee.[2] But this Court—like the Board

---

[2] This Court has held that a medical examination within the meaning of MCL 38.24(1)(b) can be founded solely on a review of an employee's

itself—is not at liberty to ignore the Legislature's policy choices simply because we might find them to be unjust or unwise. *Johnson v Recca*, 492 Mich 169, 187; 821 NW2d 520 (2012).

### III. CONCLUSION

The trial court erred when it determined that the Board did not properly interpret MCL 38.24(1)(b) as a limitation on the Board's authority to retire an employee. The Board correctly understood that it could not retire Polania unless its medical advisors certified that she was totally and permanently disabled as provided under MCL 38.24. The trial court further erred when it concluded that the Board's decision was not supported by competent, material and substantial evidence on the whole record. It was undisputed that both the Board's medical advisors refused to certify that Polania was totally and permanently disabled. Accordingly, the trial court erred when it reversed the Board's decision and instructed it to grant Polania's request for nonduty disability retirement benefits. Consequently, we reverse the trial court's decision, vacate its order reversing the Board's decision, and remand to the trial court for entry of an order affirming the Board's decision.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Because this appeal involved an important question of public concern, we order that neither of the parties may tax their costs. MCR 7.219(A).

SAWYER, P.J., and MARKEY and M. J. KELLY, JJ., concurred.

---

medical records. *Monroe v State Employees' Retirement Sys*, 293 Mich App 594, 605-607; 809 NW2d 453 (2011).