# STATE OF MICHIGAN

# COURT OF APPEALS

JANELL BOWDEN and GARY BOWDEN,

Plaintiffs-Appellants,

v

CHARLES P. GANNAWAY, STEVEN J. POLLOK, and RAPAPORT POLLOK FARRELL & WALDRON, PC,

Defendants-Appellees.

UNPUBLISHED
March 24, 2015

No. 319047
Ingham Circuit Court
LC No. 11-000302-NM

Before: WILDER, P.J., and SERVITTO and STEPHENS, JJ.

PER CURIAM.

In this attorney malpractice claim, plaintiffs appeal as of right from an order of the trial court granting defendants' motion for summary disposition. The court found as a matter of law that defendants' alleged professional negligence was not a proximate cause of plaintiffs' alleged injuries. We affirm.

Plaintiff Janell Bowden worked for the State of Michigan from 1980 until 2007. For most of that time she worked in the motor pool, cleaning and preparing vehicles for use by State employees. She began to have problems with her upper torso in the 1990s, especially her right shoulder, arm, and hand, and underwent several surgeries to fuse her spine and remove bone spurs. In 2001, she began working at the state motor pool as a "storekeeper," signing cars in and out of the motor pool, preparing paperwork to terminate leased cars, and preparing work orders. The job was created for her in order to accommodate the physical restrictions recommended by her physicians.

In May 2008, she filed an application with Michigan's Office of Retirement Services (ORS) for non-duty disability retirement benefits, alleging that constant cervical pain resulting from these surgeries had limited her ability to use her right arm and hand. The physician designated by the State to examine her application and medical records, including numerous assessments by her physicians stating that she was disabled, concluded that she was not totally and permanently disabled, and that she "should be able to return to her past job." In a letter dated August 1, 2008, the ORS denied her application and informed her that she had 60 days from the date of the letter to appeal the decision. Plaintiff engaged attorney Charles Gannaway (codefendant) to represent her on appeal. However, the appeal was not filed timely.

-1-

In a November 2008 request to the ORS, codefendant Gannaway asked for an appeal hearing, explaining that his request was untimely due to a misfiling of the ORS's decision, but stating that he was making the request anyway "due to just cause." On December 1, 2008, the ORS denied the untimely request for a hearing. Codefendant Gannaway then filed an unsuccessful petition with the circuit court, asking it to reverse the denial and award plaintiff Janell Bowden's non-duty disability retirement. In March 2009, he informed plaintiffs by letter that he had missed the deadline for filing the appeal, that the ORS had denied his request for a hearing, and that he had filed a petition with the circuit court.

Plaintiffs filed a professional negligence suit against defendants in which they sued for both economic and non-economic damages.[1] The claim was based upon the failure to file a timely appeal of the ORS denial of the non-duty retirement. Defendants moved for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10). They argued that the failure to file the appeal with ORS was not a proximate cause of any damage to plaintiffs. They cited *Polania v State Employees' Retirement Sys*, 299 Mich App 322; 830 NW2d 773 (2013), to support their argument that even if the appeal had been filed in a timely manner, plaintiffs would have been unsuccessful because no medical advisor had certified in writing that plaintiff Janell Bowden was totally and permanently disabled. Plaintiffs argued that a retroactive application of *Polania* was erroneous, contending that prior to *Polania*, the hearing officer would have looked beyond an independent medical examiner's disability statement and considered all the evidence, including assessments offered by plaintiff Janell Bowden's physicians stating that she was disabled.

The trial court concluded that *Polania* did not establish new law; rather, it discerned the intent of the Legislature through analysis of the plain language of the disability statute, which had remained the same from its 2002 enactment. Because plaintiff Janell Bowden did not meet the requirements of the disability statute, the court concluded, she would not have prevailed on her underlying claim, and therefore, could not prevail on her legal malpractice claim. The trial court granted defendants' motion, and plaintiffs argue the court erred in doing so. We review a trial court's decision on a motion for summary disposition de novo. *Auto Club Group Ins Co v Burchell,* 249 Mich App 468, 479; 642 NW2d 406 (2002).

The elements of a legal malpractice action are: "(1) the existence of an attorney-client relationship; (2) negligence in the legal representation of the plaintiff; (3) that the negligence was a proximate cause of an injury; and (4) the fact and extent of the injury alleged." *Charles Reinhard Co v Winiemko*, 444 Mich 579, 585-586; 513 NW2d 773 (1994) (citation omitted). To prove proximate cause, a plaintiff "must show that *but for* the attorney's alleged malpractice, he would have been successful in the underlying suit." *Id*. at 586 (internal quotation marks and citation omitted). This "suit within a suit" concept is applicable where "the alleged negligent conduct involves the failure of an attorney to properly pursue an appeal." *Id*. at 587. In such

---

[1] Plaintiffs' claim against codefendant Steven Pollok arose from his handling of plaintiff Janell Bowden's workers' compensation claim. Their claim against Rapaport Pollok Farrell & Waldon, P.C., was based on a theory of respondeat superior. Plaintiffs stipulated to the dismissal of the claim with prejudice.

cases, a plaintiff must prove that "the attorney's negligence caused the loss or unfavorable result of the appeal," and that "the loss or unfavorable result of the appeal in turn caused a loss or unfavorable result in the underlying litigation." *Id.* at 588. Whether a plaintiff would have prevailed in the underlying appeal is a question of law. *Id*. at 589.

In order to prevail in their legal malpractice claim, plaintiffs had to show that, but for the failure to timely appeal the denial of plaintiff Janell Bowden's application for non-duty disability retirement benefits, she would have been awarded the benefits. MCL 38.24 governs the award of such benefits to qualifying state employees, and states in relevant part as follows:

> (1) a member who becomes totally incapacitated for duty because of a personal injury or disease that is not the natural and proximate result of the member's performance of duty may be retired if all of the following apply:

> (a) The member . . . files an application . . . with the retirement board no later than 1 year after termination of the member's state employment.

> (b) A medical advisor conducts a medical examination of the member and certifies in writing that the member is mentally or physically totally incapacitated for further performance of duty, that the incapacitation is likely to be permanent, and that the member should be retired.

> (c) The member has been a state employee for at least 10 years.

Plaintiffs argue that, prior to *Polania*, an appeal of the Retirement System's denial of plaintiff Janell Bowden's application would have been governed by *Gordon v City of Bloomfield Hills*, 207 Mich App 231; 523 NW2d 806 (1994), which requires a reviewing court to "consider all the evidence on the record, not just that supporting the agency's decision." *Id.* at 232. Had defendants filed a timely appeal, plaintiffs argue, a review of the "whole record" would have resulted in reversal of the denial because assessments from several independent physicians clearly established the disability.

Contrary to plaintiffs' insistence, this matter does not involve the question of the retroactive application of a new rule or principle. We would note preliminarily that the statue which was interpreted by the *Polania* Court was a predecessor statute. The 2002 iteration inserted the unambiguous word "all" when setting forth the conditions which must be met before the Board may consider a member for non-duty disability retirement. As the trial court pointed out, *Polania* did not establish a new rule or principle. Rather, it discerned the Legislature's intent from the plain language of MCL 38.24, which had been in effect for five years prior to the time when plaintiff Janell Bowden should have appealed the ORS denial of her disability application. From the time of its enactment in 2002, MCL 38.24 had always meant that in order to be eligible to receive a non-duty disability retirement, a medical advisor had to certify the applicant as totally and likely permanently disabled. MCL 38.24(1)(b). *Polania* clarified, not introduced, this requirement.

It is undisputed that the medical advisor had not certified plaintiff Janell Bowden as totally and permanently disabled, and that without such certification, she was ineligible for benefits under the plain language of MCL 38.24(1)(b). Therefore, because plaintiffs cannot

establish that plaintiff Janell Bowden would have prevailed had defendants filed a timely appeal of the initial denial of her application for benefits, plaintiffs cannot show that defendants' negligence was a proximate cause of their alleged damages, and, consequently, the trial court did not err in dismissing their claim.

Affirmed.

/s/ Kurtis T. Wilder
/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens