*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PHIL FORNER,

       Plaintiff-Appellant,

v

DEPARTMENT OF LICENSING &
REGULATORY AFFAIRS, also known as
DEPARTMENT OF LICENSING AND
REGULATION,

       Defendant-Appellee.

UNPUBLISHED
March 10, 2022

No. 356526
Ottawa Circuit Court
LC No. 20-006209-AA

Before: RIORDAN, P.J., and K. F. KELLY and SWARTZLE, JJ.

PER CURIAM.

Plaintiff Phil Forner appeals by right the trial court's order affirming the denial by defendant Michigan Department of Licensing and Regulatory Affairs ("defendant" or "LARA") of plaintiff's request for a declaratory ruling. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case arises from a request from plaintiff and the Michigan Air Conditioning Contractors Association's ("MIACCA")[1] that defendant issue a declaratory ruling (1) requiring that building permit applications be on forms prescribed by the Construction Code Commission ("Commission") and (2) instructing the Commission and the Bureau of Construction Codes ("Bureau") "to begin that process of having the Commission prescribe the form on which applications for permit are used in Michigan." In the request for declaratory ruling, plaintiff and the MIACCA asserted that different government subdivisions provided different forms for permit applications. As a result, they stated that it cost "time and money to figure out how to complete each different application for permit satisfactorily." They also asserted that the Commission did

---

[1] The MIACCA is not a party to this appeal.

not prescribe the permit application as required by the Stille-DeRossett-Hale Single State Construction Code Act ("SSCCA"), MCL 125.1501 *et seq.*

Orlene Hawks, defendant's director, responded to the request, explaining that the Administrative Procedure Act ("APA"), MCL 24.201 *et seq.*, states that agencies "may" issue declaratory rulings, but were not required to do so, as long as a reason is given. Hawks asserted that the SSCCA combined responsibilities between the director and the Commission, and the Commission exercised its statutory functions independently of the director. In denying the request, Hawks wrote:

> The Director denies this request for a declaratory ruling based on the statutory roles and responsibilities of the Commission and LARA outlined above. Petitioners' request is more akin to seeking a prospective change in policy or practice, as opposed to a request for LARA to apply a statutory provision to an "actual state of facts" for which LARA has sole authority. As noted above, LARA does not have exclusive authority to administer the Act, or the provision at issue, because the Commission exercises its statutory functions independently. And MCL 125.1510(1) speaks for itself in providing that the building permit application "be on a form prescribed by the commission," which LARA has determined does not demand further interpretation or application by the Director.

Plaintiff appealed the decision to the trial court, requesting that it set aside defendant's denial and order that Hawks provide a declaratory ruling or order that "the Commission shall prescribe all forms on which an application for a permit is made." Defendant responded that it was within its statutory discretion to deny plaintiff's request for a declaratory ruling, and the decision was not arbitrary because the statute was unambiguous and because LARA did not exclusively administer the statutory provision or have the authority to compel the Commission to act.

After a hearing, the trial court affirmed defendant's denial of the request for declaratory ruling. The trial court concluded that MCL 24.263[2] did not require defendant to issue a declaratory ruling in response to plaintiff's request and that the decision not to make a declaratory ruling was

---

[2] MCL 24.263 states:

> On request of an interested person, an agency may issue a declaratory ruling as to the applicability to an actual state of facts of a statute administered by the agency or of a rule or order of the agency. An agency shall prescribe by rule the form for such a request and procedure for its submission, consideration and disposition. A declaratory ruling is binding on the agency and the person requesting it unless it is altered or set aside by any court. An agency may not retroactively change a declaratory ruling, but nothing in this subsection prevents an agency from prospectively changing a declaratory ruling. A declaratory ruling is subject to judicial review in the same manner as an agency final decision or order in a contested case.

not arbitrary or capricious and "fell within the range of principled outcomes prescribed in MCL 24.263." The trial court explained that under Mich Admin Code, R 338.81(8),[3] defendant could deny a request for a declaratory ruling for any stated reason. The reasons given by defendant—(1) the request was akin to a change in policy, and (2) LARA did not have exclusive authority to administer the SSCCA—were sufficient to satisfy the regulation.

The trial court also determined that any declaratory ruling issued by defendant would not apply to the Commission because "[t]he Commission exercises its statutory functions independently of the LARA director" and "the LARA director is powerless to compel the Commission to prescribe the form if the Commission chooses not to do so." Thus, according to the trial court, defendant properly exercised its discretion when it denied plaintiff's request. After the trial court denied plaintiff's motion for reconsideration, this appeal followed.

## II. STANDARDS OF REVIEW

"This Court's review of a circuit court's ruling on an appeal from an administrative decision is limited." *Buckley v Professional Plaza Clinic Corp*, 281 Mich App 224, 231; 761 NW2d 284 (2008). "This Court must determine whether the lower court applied correct legal principals and whether it misapprehended or grossly misapplied the substantial evidence test to the agency's factual findings." *Id*. (quotation marks and citation omitted). This Court will only overturn the trial court's decision if it is left with a definite and firm conviction that the trial court made a mistake. *Id*.

Questions of statutory construction are reviewed de novo. *Kemp v Farm Bureau Gen Ins Co of Mich*, 500 Mich 245, 252; 901 NW2d 534 (2017). An administrative agency's interpretation of a statute is entitled to "respectful consideration, but [it is] not binding on courts and cannot conflict with the plain meaning of the statute." *In re Rovas Complaint*, 482 Mich 90, 117-118; 754 NW2d 259 (2008).

In circumstances when the trial court does not fully address a properly raised issue, but "the lower court record provides the necessary facts," this Court reviews the record de novo. *Hines v Volkswagen of America, Inc*, 265 Mich App 432, 443-444; 695 NW2d 84 (2005). We give "great deference to a circuit court's review of the factual findings made by an administrative agency, but substantially less deference, if any, is afforded to the circuit court's decisions on matters of law." *Brang, Inc v Liquor Control Comm*, 320 Mich App 652, 660-661; 901 NW2d 309 (2017).

---

[3] Mich Admin Code, R 338.81(8) states:

> In the discretion of the agency, a request for declaratory ruling may be denied if the applicant fails to follow the procedure for submission set forth in this rule, if the statement of facts is incomplete or inaccurate, if the facts or circumstances relate to a changing situation, if the ruling would not be in the public interest or in furtherance of statutory objectives, or for any other stated reason. The agency shall set forth the reason or reasons for denial of the request in its written notification to the applicant.

## III. JURISDICTION

As a preliminary matter, we address defendant's contention that this Court lacks jurisdiction over the appeal because plaintiff did not have an appeal by right from the trial court's order. Defendant asserts that because plaintiff's appeal to the trial court was from a decision in which defendant was acting as a tribunal under MCR 7.203(A)(1)(a), plaintiff did not have an appeal by right. We disagree.

MCR 7.203(A)(1)(a) provides that an aggrieved party may appeal by right to this Court from a final judgment or order of a trial court except when the trial court judgment or order is "on appeal of any court or tribunal." In *Natural Resources Defense Council v Dep't of Environmental Quality*, 300 Mich App 79, 86; 832 NW2d 288 (2013), this Court explained that "[t]ribunals include administrative agencies acting in a judicial or quasi-judicial capacity." (Quotation marks and citation omitted.) However, not all agency action is judicial or quasi-judicial in nature. See *id*. "Quasi-judicial proceedings include procedural characteristics common to courts, such as a right to a hearing, a right to be represented by counsel, the right to submit exhibits, and the authority to subpoena witnesses and require parties to produce documents." *Id*.[4]

In this case, defendant was not acting as a "tribunal" when it denied plaintiff's request. Plaintiff was not afforded a right to a hearing and, in fact, no such hearing was held. Plaintiff was not afforded the right to be represented by counsel and, without a hearing, no opportunity to subpoena or call witnesses. *Id*.; see also *William Beaumont Hosp v Wass*, 315 Mich App 392, 400; 889 NW2d 745 (2016) (agency's decision was not "adjudicatory in nature because no level of the proceedings provided for an evidentiary hearing"). There is no evidence demonstrating defendant acted as a tribunal when it denied plaintiff's request for a declaratory ruling because the proceedings were not judicial or quasi-judicial in nature. Therefore, this Court has jurisdiction over plaintiff's appeal under MCR 7.203(A)(1).

## IV. PLAINTIFF'S APPEAL

In his first point of error, plaintiff asserts that the trial court erred by not answering a question presented in his appeal to that court. Plaintiff asserts that he asked the trial court to determine whether defendant abused its discretion by denying plaintiff's request for a declaratory ruling when defendant determined that MCL 125.1510(1) did not require further interpretation or application and when defendant continued to use forms that the Commission did not prescribe. Plaintiff asserts that the trial court, instead, addressed whether defendant abused its discretion by

---

[4] Defendant suggests we rely on *Forner v Dep't of Licensing and Regulatory Affairs*, unpublished per curiam opinion of the Court of Appeals, issued August 20, 2019 (Docket No. 345617), p 5, in which we stated that MCL 24.263 "suggests that we must treat the proceedings applicable to requests for declaratory rulings as quasi-judicial proceedings, as would be the situation in a contested case." In addition to the fact that *Forner* is unpublished and, therefore, not binding, see MCR 7.215(C)(1), the statement relied on by defendant in that case is dictum. See *Allison v AEW Capital Management LLP*, 481 Mich 419, 436-437; 751 NW2d 8 (2008). This Court provided the framework for determining whether proceedings were judicial or quasi-judicial in *Natural Resources Defense Council*, which we have followed in this opinion.

declining to issue a declaratory ruling requiring defendant or the Commission to develop a single, statewide permit application. We disagree.

Although it is clear that in its opinion, the trial court did not copy plaintiff's first question presented verbatim, the trial court asked plaintiff during the hearing on the issue whether he was requesting a statewide permit from defendant. Plaintiff answered that such an outcome would be "ideal," but explained that he wanted the Commission to ensure that each jurisdiction's forms were "proper and complete and adequate." The trial court responded that it understood plaintiff's argument, but explained that the legal issue was whether plaintiff had the authority to force the Commission to act.

In its opinion, the trial court accurately quoted plaintiff's request to defendant for a declaratory ruling. The trial court's analysis focused on the term "may" in MCL 24.263 and defendant's resulting discretion in determining whether to issue a declaratory ruling. The trial court explained that, consistent with Mich Admin Code, R 338.81(8), defendant provided justification for denying plaintiff's request for a declaratory ruling, including that plaintiff's request was "more akin to seeking a prospective change in policy or practice" and because LARA did not have exclusive authority to administer the SSCCA. Accordingly, we reject the argument that the trial court did not adequately address the issue whether defendant properly exercised its discretion when it denied plaintiff's request.

Plaintiff argues next that defendant erred when it denied his request for a declaratory ruling on the basis that the statute did not require further interpretation when LARA continued to act in opposition to the SSCCA's plain meaning. We disagree.

When a trial court reviews an agency's decision, it must "determine whether the agency's decision was contrary to law, was supported by competent, material, and substantial evidence on the whole record, was arbitrary or capricious, was clearly an abuse of discretion, or was otherwise affected by a substantial and material error of law." *Polania v State Employees' Retirement Sys*, 299 Mich App 322, 328; 830 NW2d 773 (2013) (quotation marks and citation omitted). The trial court must affirm the agency's decision if it was not contrary to law and was otherwise supported by competent, material, and substantial evidence on the whole record. *Id.* This Court's role is to determine whether the trial court "applied correct legal principles and whether it misapprehended or grossly applied the substantial evidence test to the agency's findings." *Id.*

The primary purpose of statutory interpretation is to "ascertain and effectuate legislative intent." *Omne Fin Inc v Shacks, Inc*, 460 Mich 305, 311; 596 NW2d 591 (1999). "Courts may not speculate regarding legislative intent beyond the words expressed in a statute." *Id.* Further, courts may not read anything into a statute "that is not within the manifest intent of the Legislature as derived from the act itself." *Id.* When statutory language is unambiguous, "further construction is neither required nor permitted." *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012).

MCL 125.1510(1) states that an application for a building permit "shall be on a form prescribed by the [C]ommission." MCL 125.1508b(1) provides that "[e]xcept as otherwise provided in this section, the director [of LARA] is responsible for administration and enforcement of this act and the code." Under MCL 125.1507, the director may take a number of actions "[a]fter

consultation and with the approval of the [C]ommission." Further, MCL 125.1505(1) provides that the Commission "has all powers necessary or convenient to carry out and effectuate the purposes and provisions of this act."

Moreover, MCL 24.263 states that an agency "may issue a declaratory ruling as to the applicability to an actual state of facts of a statute administered by the agency or of a rule or order of the agency." "The use of the word 'shall' constitutes clear language designating a mandatory course of conduct; whereas, the term 'may' presupposes discretion and does not mandate an action." *In re Weber Estate*, 257 Mich App 558, 562; 669 NW2d 288 (2003) (citations omitted).

MCL 125.1508b(1) plainly states that the director of LARA "is responsible for administration and enforcement of" the SSCCA "[e]xcept as otherwise provided in this section." As relevant here, MCL 125.1503a(4) states that the Commission "is within the department but shall exercise its statutory functions independently of the director, except that budgeting, personnel, and procurement functions of the commission shall be performed under the direction and supervision of the director." Although the SSCCA may not include an enforcement mechanism to challenge the Commission's apparent failure to prescribe the forms, we may not read into the SSCCA language that does not appear on the page, i.e., that the director of LARA has the authority to order the Commission to prescribe applications and forms. See *Omne Fin, Inc*, 460 Mich at 305.

In further argument, plaintiff questions why interpretation or application is not warranted when defendant continued to use forms that the Commission did not prescribe. However, the question of whether the Commission is abiding by the SSCCA is a separate question not before us. The language in the SSCCA is plain and, therefore, further interpretation is "neither required nor permitted." *Joseph*, 491 Mich at 206.

Lastly, plaintiff argues that the LARA director abused her discretion by denying plaintiff's request for a declaratory ruling that would have applied to the Bureau. Relying on MCL 125.1507,[5] plaintiff argues that "it is up to the director or her subordinates, the Bureau, to consult

---

[5] MCL 125.1507 states:

(1) After consultation and with the approval of the [C]ommission, the director may do the following:

(a) Subject to civil service requirements, appoint subordinate officers and employees of the [C]ommission, including legal counsel, and prescribe their duties and fix their compensation.

(b) Appoint or use experts, consultants, technical advisers, and advisory committees for assistance and recommendations relative to preparation and promulgation of the code and to assist the [C]ommission and the director in carrying out this act.

(c) Subject to the advice of the [C]ommission, do those things necessary or desirable to effectuate the general purposes and specific objectives of this act.

with the Commission and seek the approval from the Commission." However, this argument incorrectly interprets that statute, which in fact supports defendant's contention that it cannot order the Commission to act since MCL 125.1507 requires that the director of LARA seek approval from the Commission. The SSCCA is clear that the Commission shall prescribe the forms, see MCL 125.1510(1), and the trial court properly affirmed defendant's denial of plaintiff's request for a declaratory ruling on the basis of the plain language of the statute and defendant's lack of authority over the Commission.

Plaintiff has not demonstrated that defendant had the authority to order the Commission to act, even to prescribe the forms that the Bureau used. Therefore, the LARA director did not abuse her discretion, and the trial court did not err when it affirmed defendant's denial of plaintiff's request. See *Polania*, 299 Mich App at 328.

Affirmed. Defendant, as the prevailing party, may tax costs.

/s/ Michael J. Riordan
/s/ Kirsten Frank Kelly
/s/ Brock A. Swartzle

---

(2) The director shall cooperate with agencies of the federal government, may enter into contracts to receive funds, and may receive grants from the federal government to carry out the purposes of this act.