*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ADAM MASSERANT,

Appellant,

v

STATE EMPLOYEES' RETIREMENT SYSTEM,

Appellee.

UNPUBLISHED
November 17, 2022

No. 359389
Ingham Circuit Court
LC No. 21-000436-AA

Before: HOOD, P.J., and JANSEN and K. F. KELLY, JJ.

JANSEN, J. (*dissenting*)

For the reasons that follow, I respectfully dissent. I would reverse the order denying appellant's application for disability retirement benefits and remand for the State Retirement Board to consider all medical evidence because the interpretation of MCL 38.67a by the Board, the trial court, and the majority deprives applicants of due process.

The government may not deprive an individual of life, liberty, or property without due process of law under the Michigan and United States Constitutions. Const 1963, art 1, § 17; US Const, Am XIV. "A threshold requirement to a . . . procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution." *Mettler Walloon, LLC v Melrose Twp*, 281 Mich App 184, 209; 761 NW2d 293 (2008) (quotation marks and citations omitted). "A protected property interest is present where an individual has a reasonable expectation of entitlement deriving from existing rules or understandings that stem from an independent source such as state law." *Id*. (quotation marks and citations omitted).

> Procedural due process serves as a limitation on governmental action and requires a government to institute safeguards in proceedings that might result in a deprivation of life, liberty, or property. Procedural due process generally requires notice, an opportunity to be heard, before an impartial trier of fact, and a written, although relatively informal, statement of findings. In other words, procedural due process requires that a party be provided notice of the nature of the proceedings and an opportunity to be heard by an impartial decision maker at a meaningful time and in a meaningful manner. [*Id*. at 213-214 (citations omitted).]

-1-

Appellant's reasonable expectation of entitlement to disability retirement benefits was based on the relevant statute, MCL 38.67a(5), which provides:

(5) Except as otherwise provided in this section or section 33, a qualified participant who becomes totally incapacitated for duty because of a personal injury or disease that is not the natural and proximate result of the qualified participant's performance of duty may be retired if all of the following apply:

(a) Within 1 year after the qualified participant becomes totally incapacitated or at a later date if the later date is approved by the retirement board, the qualified participant, the qualified participant's personal representative or guardian, the qualified participant's department head, or the state personnel director files an application on behalf of the qualified participant with the retirement board.

(b) A medical advisor conducts a medical examination of the qualified participant and certifies in writing that the qualified participant is mentally or physically totally incapacitated for further performance of duty, that the incapacitation is likely to be permanent, and that the qualified participant should be retired.

(c) The qualified participant has been a state employee for at least 10 years.

There is no dispute that appellant met the requirements of subsections (5)(a) and (c). However, two independent medical advisors certified that appellant was not permanently incapacitated. The majority reasons that because appellant cannot meet the requirement in subsection (5)(b), he has no protected property interest in receiving such benefits, and therefore, does not address the merits of appellant's procedural due process argument. I respectfully disagree.

In *Polania v State Employees' Retirement Sys*, 299 Mich App 322, 324, 332; 830 NW2d 773 (2013), the respondent Board appealed the trial court order reversing its decision to deny the petitioner nonduty disability retirement benefits under a different statute, MCL 38.24, which contains a substantially similar requirement for certification by an independent medical advisor as MCL 38.67a(5)(b).[1] This Court reversed the trial court order, and remanded for entry of an order affirming the Board's denial of benefits. *Id*. at 324. The Court reasoned:

The Board correctly understood that under the plain meaning of MCL 38.24(1)(b), Polania had to have such a certification before the Board could retire

---

[1] MCL 38.24(1)(b) provides that one of the requirements for nonduty disability retirement benefits is:

A medical advisor conducts a medical examination of the member and certifies in writing that the member is mentally or physically totally incapacitated for further performance of duty, that the incapacitation is likely to be permanent, and that the member should be retired.

her. Because the record showed that both the medical advisors—one who evaluated her mental health and one who evaluated her physical health—refused to certify that Polania was totally and permanently disabled, the Board properly determined that it did not have the authority to grant Polania's request for retirement benefits and, on that basis, denied her claim. The Board did not have to examine the competing medical evidence to determine whether it should exercise its discretion—under the facts of this case, it had no discretion to grant Polania's request for benefits. For these reasons, the trial court erred when it determined that the Board's interpretation of MCL 38.24(1)(b) was incorrect. [*Id*. at 333.]

I believe that the *Polania* decision was wrongly decided in this regard. In essence, the statute at hand, MCL 38.67a(5)(b), like the statute in *Polania*, leaves the determination of whether an applicant is entitled to retirement disability benefits to a witness, the independent medical advisor, who, in fact, is hired by appellee. Moreover, although in this matter appellant produced medical evidence from two chiropractors indicating that his degenerative arthritis precluded him from performing his job duties as a park ranger, appellee, under the *Polania* interpretation, would have no duty to consider this evidence where the independent medical advisors concluded that appellant was not permanently incapacitated. In fact, appellee would be *precluded* from considering this evidence, and denied any discretion to decide whether to retire the applicant. *Id*. No matter what evidence an applicant could produce, appellee would have no discretion to award benefits where an independent medical advisor certified that the applicant was not permanently incapacitated. This constitutes a violation of the applicant's procedural due process because it deprives the individual from an opportunity to be heard by an impartial decision maker in a meaningful manner. *Mettler Walloon, LLC*, 281 Mich App at 214.

In *Polania*, when the petitioner appealed the denial of benefits to the trial court, the trial court

rejected an interpretation of MCL 38.24 that gives the state's medical advisor the last word on whether a claimant can receive nonduty disability retirement benefits: "It is also clear that Respondent's [independent medical advisors] do not have the first, last, and only word on whether or not an applicant qualifies for non-duty disability retirement benefits." The court came to that conclusion, in part, because such an interpretation would "effectively eliminate this Court's power to conduct a judicial review of the Board's decision pursuant to the Administrative Procedures Act and Michigan's Constitution." [*Polania*, 299 Mich App at 327.]

On appeal, this Court stated:

Given the undisputed evidence that the medical advisors had not certified that Polania was totally and permanently disabled, the trial court should have concluded that the Board's decision was supported by the record.

This is not to say that we are unsympathetic to the trial court's concerns; there may be powerful incentives—whether conscious or subconscious—for a medical advisor in the Board's employ to refuse to certify employees with a total and permanent disability. And it seems inequitable that an employee who has

substantial evidence that he or she is totally and permanently disabled is nevertheless precluded under MCL 38.24(1)(b) from seeking review of a medical advisor's refusal to certify his or her disability. This is especially true when, as here, the employee's evidence is founded on his or her long-time treating physicians' opinions and the Board's decision is dictated by the opinion of a medical advisor who has never examined the employee. But this Court—like the Board itself—is not at liberty to ignore the Legislature's policy choices simply because we might find them to be unjust or unwise. [*Id.* at 334-335 (footnote omitted).]

Thus, I would conclude that *Polania* was wrongly decided because this interpretation of the relevant statutes deprives an applicant for retirement disability benefits due process, and order the convening of a conflict panel under MCR 7.215(J)(3).

/s/ Kathleen Jansen