*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PHIL FORNER,

        Appellant,

v

CHARTER TOWNSHIP OF HOLLAND,

        Appellee,

and

CONSTRUCTION CODE COMMISSION,

        Intervening Appellee.

UNPUBLISHED
December 18, 2024
1:07 PM

No. 369584
Construction Code Commission
LC No. 00-000000-00

Before: BORRELLO, P.J., and MALDONADO and WALLACE, JJ.

PER CURIAM.

Phil Forner, proceeding *in propria persona*, appeals as of right the final decision of the Michigan Construction Code Commission (MCCC) affirming the Charter Township of Holland Construction Board of Appeals' decision denying Forner's appeal and additionally denying Forner's requested appeal to the MCCC. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

According to Forner, he is "the mechanical license contractor of record for Allendale Heating Company Inc.; which performs mechanical work within the Township that requires the use of the Mechanical Permit Application." According to Forner, Holland Township requires individuals who hold a mechanical license to complete the township's Application for a Mechanical Permit (Mechanical Permit Application) when seeking a mechanical permit from the township. According to Forner, the township should have sought prior approval of its Mechanical Permit Application from the MCCC before using it. Forner believes that the township was required to seek approval of its Mechanical Permit Application according to MCL 125.1510(1).

MCL 125.1510(1) provides in relevant part as follows:

-1-

> Except as otherwise provided in the code, before construction of a building or structure, the owner, or the owner's builder, architect, engineer, or agent, shall submit an application in writing to the appropriate enforcing agency for a building permit. *The application shall be on a form prescribed by the commission . . . .* [Emphasis added.]

Forner alleges that being required to use permit application forms, such as the Mechanical Permit Application, that are not officially prescribed by the Construction Code Commission creates confusion and delays. Additionally, Forner asserts that this situation adds extra burdens for him and others when completing and submitting the Mechanical Permit Application to the Township.

On September 12, 2023, Forner filed an application for appeal with the Holland Charter Township Construction Board of Appeals. He alleged that the township had violated MCL 125.1510(1) and requested that the township submit its application for construction code permits to the Michigan Construction Code Commission (MCCC) within 60 days.

Dan Radecki, a building official and electrical inspector for the township, reviewed Forner's appeal application. According to Radecki, he learned from the Bureau of Construction Codes that the MCCC had not prescribed any forms for municipalities and that the Bureau considered any appeal on this issue to be premature. Radecki sent an email to Forner with this information and asked if Forner wished to withdraw his appeal.

Forner did not withdraw his appeal, and a hearing was held before the Holland Township Construction Board of Appeals on October 6, 2023. Both Forner and Radecki present their cases at the hearing, which resulted in the board denying Forner's appeal on the grounds that there was no mechanism for the township to obtain the MCCC's approval of its Mechanical Permit Application form. Forner subsequently filed an application to appeal the October 6, 2023, decision to the MCCC. The MCCC considered Forner's appeal during a public meeting held on January 24, 2024. Both Forner and Radecki spoke at the meeting, presenting their respective positions. The MCCC unanimously voted to affirm the decision made by the Holland Township Construction Board of Appeals and denied Forner's appeal. The MCCC reasoned:

> …Forner failed to present a proper appeal to the local board of appeals in accordance with MCL 125.1514(1). Furthermore, the Commission determined that the relief sought by Forner exceeded its appellate jurisdiction under 125.1516(1).

Forner subsequently filed his claim of appeal in this Court, which granted the MCCC's motion to intervene as an appellee.[1]

## II. ANALYSIS

---

[1] *Forner v. Charter Township of Holland*, unpublished order of the Court of Appeals, entered March 8, 2024 (Docket No. 369584).

Resolution of an appeal from a decision by the MCCC implicates the procedures outlined in the Stille-DeRossett-Hale Single State Construction Code Act (SSCCA), MCL 125.1501, *et seq*. Forner claimed that the township violated MCL 125.1510(1) by failing to obtain approval from the MCCC for the township's Mechanical Permit Application. Under MCL 125.1514(1), an "interested person" may appeal to the construction board of appeals for a governmental subdivision enforcing the state construction code if "an enforcing agency refuses to grant an application for a building permit, or if the enforcing agency makes any other decision pursuant or related to this act, or the code." A decision by the construction board of appeals may be appealed to the MCCC. MCL 125.1516(1). In turn, MCL 125.1518 provides in relevant part that "[a]n appeal pursuant to Act No. 306 of the Public Acts of 1969, [which is the Administrative Procedures Act (APA), MCL 24.201 *et seq*.,] as amended, from a decision of the commission or a board, following an appeal from a decision of a board of appeals or enforcing agency shall be made by a claim of appeal filed with the court of appeals."

Under the APA, "[w]hen a person has exhausted all administrative remedies available within an agency, and is aggrieved by a final decision or order in a contested case, whether such decision or order is affirmative or negative in form, the decision or order is subject to direct review by the courts as provided by law." MCL 24.301. The applicable standard of review is provided in MCL 24.306(1), which provides as follows:

> Except when a statute or the constitution provides for a different scope of review, the court shall hold unlawful and set aside a decision or order of an agency if substantial rights of the petitioner have been prejudiced because the decision or order is any of the following:
>
> (a) In violation of the constitution or a statute.
>
> (b) In excess of the statutory authority or jurisdiction of the agency.
>
> (c) Made upon unlawful procedure resulting in material prejudice to a party.
>
> (d) Not supported by competent, material and substantial evidence on the whole record.
>
> (e) Arbitrary, capricious or clearly an abuse or unwarranted exercise of discretion.
>
> (f) Affected by other substantial and material error of law.

Here, the MCCC's decision was based on its determination that Forner was not entitled to any relief pursuant to the application of MCL 125.1514(1) and MCL 125.1516(1). This Court reviews de novo issues involving the proper interpretation of statutes. *Polania v State Employees' Retirement Sys*, 299 Mich App 322, 328; 830 2d 773 (2013).

Here, the MCCC ruled that Forner's appeal to the Holland Township Construction Board of Appeals was precluded by MCL 125.1514(1). That statute provides in relevant part:

A construction board of appeals for each governmental subdivision enforcing the code shall be created consisting of not less than 3 nor more than 7 members, as determined by the governing body of the governmental subdivision. . . . *If an enforcing agency refuses to grant an application for a building permit, or if the enforcing agency makes any other decision pursuant or related to this act*, or the code, an interested person, or the person's authorized agent, may appeal in writing to the board of appeals. [MCL 125.1514(1) (emphasis added).]

The issue presented on appeal is whether MCL 125.1514(1) authorized Forner's appeal to the Holland Township Construction Board of Appeals. For the appeal to be permissible under the circumstances of this case, an appellant must be classified as an "interested person," and the enforcing agency must have either denied an application for a building permit or made "any other decision pursuant to or related to [the SSCCA], or the code" as defined in MCL 125.1514(1). Forner argues that his appeal is valid because he is challenging the township's "decision" to disregard its obligation to comply with the requirement of MCL 125.1510(1), which mandates the use of a mechanical permit application form that has been approved by the MCCC. Before addressing the substantive merits of Forner's interpretation of MCL 125.1510(1), it is necessary to first determine whether this issue was properly brought before the Holland Township Construction Board of Appeals in accordance with MCL 125.1514(1).

Forner does not claim that his appeal is based on the denial of a building permit. Therefore, the resolution of this threshold issue depends on two factors: (1) whether Forner's challenge is based on a "decision" made by the township related to the State Construction Code Act (SSCCA) or the construction code[2], and (2) whether Forner qualifies as an "interested person," as defined in MCL 125.1514(1). The SSCCA does not provide definitions for "decision" or "interested person." See MCL 125.1502a (containing definitions pertinent to the SSCCA). This court has interpreted the requirements outlined in MCL 125.1514(1) to allow an "aggrieved party" to appeal an "adverse decision" made by the enforcing agency, as established in *Cummins v. Robinson Township*, 283 Mich App 677, 679; 770 NW2d 421 (2009).

To qualify as an "aggrieved party" for the purpose of an appeal, a party must demonstrate that they have experienced special damages that are not common to others in similar situations. See *Ansell v. Delta County Planning Comm*ission, 332 Mich App 451, 459; 957 NW2d 47 (2020). In this case, Forner has not shown how the township's use of a mechanical permit application that is not prescribed by the MCCC uniquely impacts him compared to other mechanical license contractors who are also required to use the same form. Therefore, he does not qualify as an aggrieved party or an interested person authorized to file an appeal under MCL 125.1514(1) or according to *Cummins*, 283 Mich App at 699, and *Ansell*, 332 Mich App at 459. Accordingly,

---

[2] "Code" means "the state construction code provided for in section 45 or a part of that code of limited application and includes a modification of or amendment to the code." MCL 125.1502a(1)(*l*).

Forner has failed to meet the requirements to be considered an "interested person." As a result, he cannot establish that the MCCC erred in dismissing his appeal on that basis. MCL 24.306(1).

Furthermore, regardless of how Forner characterizes his claim, it is clear that the essence of his argument stems from his belief that he has the right to compel the township to comply with the SSCCA. As Forner states in his brief, "This is a straightforward case about the appellant, Mr. Phil Forner, exercising certain rights in an effort to have the Township, the Commission, and its administrator, the Bureau of Construction Codes ('Bureau'), simply follow what is plainly stated in MCL 125.1510(1), MCL 125.1514(1), and MCL 25.1516(1)." However, there is no provision in MCL 125.1514(1) that grants any individual the authority to monitor and enforce a township's compliance with the SSCCA through an "appeal." "When the language used in a statute or ordinance is clear and unambiguous, it expresses the intent of the legislative body and must be enforced as written," as established in *Sau-Tuk Industries, Inc v Allegan Co*unty, 316 Mich App 122, 137; 892 NW2d 33 (2016). Consequently, we find that the MCCC did not commit a legal error when it determined that Forner lacked sufficient grounds to appeal to the Holland Township Construction Board of Appeals under MCL 125.1514(1). This determination is significant, as it indicates that Forner's substantive argument concerning the interpretation of MCL 125.1510(1) has not been adequately presented for review. Therefore, this Court is required to affirm the decision of the MCCC in accordance with MCL 24.306(1).

Affirmed. Defendant having prevailed in full is entitled to tax costs. MCR 7.219(A).


/s/ Stephen L. Borrello
/s/ Allie Greenleaf Maldonado
/s/ Randy J. Wallace